JOHN MARTIN, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendants in Error.

ERROR TO BROWN.

*Instructions not excepted to cannot be assigned for error. Exception should be taken to the decisions of the court in giving or refusing instructions at the time.*

*An instruction must be understood, in reference to the state of case before the court, when it is given.*

*When, in giving instructions, the existence of certain facts is assumed, about which the parties are agreed, neither party can afterwards make the assumption ground of objection.*

*The statute authorizing the refusal to grant new trials to be assigned for error, has no application to criminal cases.*

*On the trial of a party indicted for obstructing a highway, if he introduces proof to show that the highway in question was not a legal one, it would not be error to instruct the jury, that the supervisor, having ordered the defendant to open the road and remove the obstruction, was competent evidence, tending to prove that the highway had not been abandoned by the public.*

JOHN MARTIN was indicted at August term, 1850, of the Brown Circuit Court, for obstructing a highway leading from Mount Sterling in Brown county to Meredosia in the county of Morgan. At the trial of the cause at April term, 1851, Martin was found guilty. MINSHALL, Judge, presided at the trial of the cause. The points of discussion raised in the Supreme Court, are fully stated in the opinion of the court.

WARREN and EDWARDS, for plaintiff in error.

R. S. BLACKWELL, for the people.

TRUMBULL, J. This record presents a single question for decision, which is, the correctness of the third instruction given to the

29*

jury on behalf of the people. Objections were made on the argument to other instructions; but as they were not excepted to when given, the giving of them cannot be assigned for error. Leigh *v.* Hodges, 3 Scam. 15; Hill *v.* Ward, 2 Gilm. 285.

The only way for a party to avail himself in this court of objections to instructions in the court below, is to except to the decisions of the court in giving or refusing them, at the time they are made.

It was insisted on the argument, that all the instructions given on behalf of the people were excepted to. The bill of exceptions is too plain to admit of doubt upon this subject. Its language is: " Which said several instructions the court gave to the jury as asked, to the giving of which said instruction, numbered three, the said defendant by his counsel objected; but the court overruled said objection, and gave the said instruction to the jury, to the giving of which said instruction, the said defendant by his counsel excepted at the trial." No reasoning or language could make it more apparent, that it was the third instruction alone which was excepted to. That instruction reads as follows: " That if the jury believe from the evidence, that the road ceased to be travelled by the public by reason of its obstruction by the defendant, and that the supervisor ordered said defendant to open said road and remove said obstruction, this is competent evidence tending to prove that the public have not abandoned the road as a public highway." It is objected to this instruction, that it assumes that there once had been a road which the public had travelled, without leaving that question to the jury. That it is the province of the jury to decide matters of fact is an admitted principle; and if the material question in dispute had been whether there had ever been a road which the public had travelled, the instruction would have been erroneous for the reason assigned. But the defendant himself introduced witnesses in the court below, who testified that they believed the old road leading from Mount Sterling to Meredosia was not a legal highway, on account of there being no record of its having been laid out and established. There was no dispute between the parties as to there once having been a road which the public travelled; but the points in controversy were, whether such road had been

legally laid out, or if ever legally established, whether it had not been abandoned.

The instruction must be understood in reference to the state of case then before the court, and when so regarded, it is free from all objection. Its object was not to tell the jury that there once had been a road; both parties admitted that fact; but the design of the instruction was to inform the jury, that if the public had ceased to use the road by reason of its obstruction by the defendant, the reason which led to the non-user of the road by the public would be a circumstance tending to prove that they did not intend to abandon it as a public highway. The idea of the abandonment of a road by the public presupposes its voluntary disuse; and it would be a strange doctrine, if the people were not allowed to show that they had been compelled by the acts of the defendant to cease using a road, in answer to his allegation that they had abandoned it.

It is often a matter of convenience in giving instructions, and avoids circumlocution, to assume the existence of certain facts about which the parties are agreed; and neither party, under such circumstances, can afterwards make the assumption a ground of objection to the instructions.

The refusal of the Circuit Court to grant a new trial, and the insufficiency of the evidence to warrant the finding of the jury, have been assigned for error; but those questions cannot be examined by this court, for the reason that they are wholly within the discretion of the court below, the statute authorizing the refusal to grant new trials to be assigned for error, having no application to criminal cases. Pate v. The People, 3 Gilm. 644.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*