OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1906.

[No. 1076, January 11, 1906.]

FLETCHER M. LUND, Plaintiff in Error, v. HELEN
L. OZANNE, Defendant in Error.

#### SYLLABUS.

1. The notice to quit, from a landlord to a tenant, pro-
vided for by section 3347, of the Compiled Laws of New Mex-
ico, of 1897, should be sufficiently definite to inform the ten-
ant of the origin and meaning of the notice; but it is not
indispensable that it should bear the signature of the land-
lord.

2. Questions of law not brought to· the attention of the
court in proper form at the trial of a cause, will not be con-
sidered by this court on appeal or writ of error.

3. If a lease contains no provisions fixing the place
for payment of the rent reserved, a demand on the leased
premises is not essential to establish the liability of the
lessee to forfeiture for failure to pay rent which is due, if
the practice of the parties to the lease had been to make
and receive payment elsewhere.

4. It is a proper exercise of the discretion of a district
court in this Territory, to permit the substitution of a copy
of a lost paper constituting a part of the pleadings, for the
original.

5. It does not appear from the record that the justice
of the peace before whom this cause was originally tried had
not jurisdiction.

Lund v. Ozanne.

Error to the district court of Lincoln county, before WM. H. POPE, Associate Justice. Affirmed.

ROBERT M. LUND, and CATRON & GORTNER, for plaintiff in error.

Before suit can be brought for possession in any class of cases except where possession was obtained by force, intimidation, fraud or stealth, three days' notice to quit must be given in writing to the defendant.

> Compiled Laws of New Mexico for 1897, Sec. 3347; Romero v. Gonzales, 3 N. M. 8; Nason v. Best, 17 Kas. 408; Conway v. Gore, 22 Kas., 216; Douglass v. Whittaker, 32 Kas. 381; Stuller v. Sparks, 51 Kas. 22; Doss v. Craig, 1 Colo. 178; Mead v. Kirkpatrick, 8 N. J. L. 308; Pickett v. Ritter, 16 Ill. 98; Dutton v. Colby, 35 Me. 505; Kennedy v. Hitchcock, 4 Port. (Ala.) 231; Knowles v. Ogletree, 96 Ala. 558; Forbes, et al., v. Glashan, 13 Johns, (N. Y.) 158; Woodward v. Cone, 73 Ill., 241; Littleton v. Clayton, 77 Ala. 571; Thord v. Reed, 1 Ark. 480.

Demand in writing must be made and served before suit is brought.

> Hinterberger v. Weindler, 2 Ill. App. 410; Thomasson v. Wilson, 46 Ill. App. 403; Hyde v. Goldsby, 25 Mo. App. 29; Finley, et al., v. Magill, 57 Mo. App. 481; See also, Drehman v. Stifel, 41 Mo. 184; Tevenen v. Mohanan, 76 Cal. 131; Brommagin v. Spencer, 29 Cal. 663.

Lack of averment or proof of notice to quit has been considered jurisdictional.

> Stuller v. Sparks, 51 Kas. 22; Douglass v. Whittaker, Supra.; Mead v. Kirkpatrick, Supra.

An eviction by the landlord from a part only of the demised premises, works a suspension of the entire rent, though the tenant remains in possession of the balance of premises demised.

> 18 Ency. of Law (2nd Ed.) pp. 296-7-8; Briggs v. Hall, 4 Leigh 484, 26 Am. Dec. 326;

Lund v. Ozanne.

Camarillo v. Fenlon, 49 Cal. 207; Warren v. Wagner, 75 Ala. 188; Skaggs v. Emerson, 50 Cal. 3; Fitchburg Cotton Crop v. Melvin, 15 Mass. 270; Reed v. Reynolds, 37 Conn. 474; Anderson v. Chicago M. & F. Co. 21 Ill. 601; Graham v. Anderson, 3 Harr (Del.) 364; Walker v. Tucker, 70 Ill. 527; Hayner v. Smith, 63 Ill. 430; Peck v. Hiler, 24 Barb. 178; Smith v. Stikleman, 58 Ill. 141; McClurg v. Price, 59 Pa. 420; 98 Am. Dec. 356.

The landlord cannot so apportion his own wrong as to enforce the lessee to pay anything for the residue.

Royce v. Guggenheim, 106 Mass. 201, 8 Am. Rep. 222; Colburn v. Morril, 117 Mass. 262.

A partial eviction by the landlord should be treated as a complete eviction so far as regards the payment of the rent.

Christopher v. Austin, 11 N. Y. 216; Note in 17 L. R. A. 275; Leishman v. White, 1 Allen, 489; Washburn on Real Property, Vol. 1. p. 488, 526, 533; Taylor on Landlord and Tenant, p. 324, Sec. 377-8; See title "Eviction," 11 Ency. Law (2nd. Ed.) pp. 480-1-2.

If the tenant be evicted he may take a new lease from the party evicting him.

Merryman v. Bourne, 9 Wall. 600; Mayor of Poole v. Whitt, 15 Meeson & Melby, 577; Emery v. Barneet, 4 Common Bench, U. S. 423; Lunsford v. Turner, 5 J. J. Marsh, 106; Cuthbertson v. Irving, 4 Hurl & Norm, 758; Jordan v. Twells, cases tempore Hardwicke, 172.

The landlord must demand the rent on the premises when due before it can be said that the tenant has forfeited the lease by non-payment.

18 Ency. Law, (2nd. Ed.) p. 292; Taylor on landlord & Tenant, Sec. 297, 493-4; Washburn on Real Property, 480-1-4.

GEO. W. PRICHARD, for defendant in error.

A notice left with the wife of the tenant on the premises is sufficient.

> 1 Parsons on Contracts, Vol. 1, p. 434; Bell v. Bruhn, 30 Ill. App. 300.

The service may properly be made by leaving the notice at the residence with a member of the family of the tenant.

> Eppstein v. Greer, 78 Ind. 348; Cook v. Creswell, 44 Md. 581; Walker v. Sharp, 103 Mass. 154; Steese v. Johnosn, 168 Mass. 18; Am. & Eng. Ency. of Law, Vol. 18, p. 399, and cases cited.

An eviction by title paramount in a third person has the following elements: Not only the title must be in the third person, but he must take possession by virtue of his title. If the tenant yields possession, it must be when the right of entry is asserted by the third party, and there must be an immediate right of entry, and the tenant must yield in order to prevent being expelled, and in order to avoid becoming a trespasser, and there must be an entire absence of collusion.

> Mattis v. Robinson, 1st. Neb. 3; De Wit v. Pearson, 112 Mass. 8; Basert v. Lawton, 90 N. Y. 293; Nicholas v. Bodie, 158 Ill. 479.

The question as to whether or not a tenant has been evicted, depending upon the intention of the landlord and the circumstances of the particular case, is always to be decided by the jury under proper instructions by the court.

> Rice v. Dudley, 65 Ala. 68; Collins v. Karatopsky, 36 Ark. 316; Harmon v. Jockey Club Wine, 9 Colo. App. 299; Lynch v. Baldwin, 69 Ill. 210; Barrett v. Bodie, 158 Ill. 479; Jackson v. Eddy, 12th Mo. 209, Am. & Eng. Ency. Law, Vol. 11 (2nd. Ed.) p. 466.

The landlord may sue for his rent when the tenant fails to pay the same when due according to the agreement.

> Sec. 3345, Compiled Laws 1897; Sub. Div. 3rd, Taylor on Landlord and Tenant, (5th. Ed.) Sec. 463, and Note.

Lund v. Ozanne.

## STATEMENT OF FACTS.

By written instrument made May 31, 1901, Urbain Ozanne and Helen L. Ozanne, husband and wife, the latter being the defendant in error, leased to Fletcher M. Lund, the plaintiff in error, "the Hotel Ozanne on lot 8, block 5, a store building and reasonable ground in the rear thereof on part of lot 4, block 19, and the Ozanne corral and buildings on lots 1 and 2, block 61," all in the town of White Oaks, New Mexico, for the term of one year from June 1, 1901, with the right to the lessee to continue in the use and occupation of the premises a second year, and then a third, at his election, at a rental of twenty-five dollars per month. The lease did not provide that the lessee should give any notice of his election to take a further term, and no such notice was given, but he continued in possession into the third year, without objection on the part of the lessors or either of them, so far as the record shows. Early in the tenancy of Lund the leased premises were sold under an order of court and purchased by Henry A. Ozanne, a son of Urbain Ozanne, by agreement between them. By deed dated November 25, 1902, Urbain Ozanne and Helen L. Ozanne conveyed to Henry A. Ozanne, lot 4, block 19, lot 1, block 61 and lot 2, block 62, with other parcels of land. By a deed dated December 13th, 1902, Henry A. Ozanne conveyed to Helen L. Ozanne the Hotel Ozanne and lot 8, block 5, of the leased premises. It would seem to have been taken for granted by the parties concerned that lot 2, block 61, was meant by the first conveyance referred to, instead of lot 2, block 62; but the question is not of essential importance.

Evidence was admitted that at about the time when the two deeds above named were given, Henry A. Ozanne wrote his father that he would not claim the rental of the portion of the leased premises deeded to him, but it is fairly to be inferred from the testimony on the subject that the letter, which was not produced, preceded the execution of the deed. Whether the letter was written and received before or after that date, it did not appear that it was brought to the notice of the lessee, Lund, and the deed to Henry A. Ozanne contained no provision of the kind claimed to have been promised in it.

Lund v. Ozanne.

The two deeds named were recorded. The lease was not recorded. Urbain Ozanne died August 12, 1903.

In October, 1903, Lund received a notice purporting to come from Henry A. Ozanne, stating that he was the owner of lot 4, block 19, and of lots 1 and 2, block 61, that he should claim five dollars per month rental for the same, and forbidding him, Lund, to pay rent therefore to any other person. The notice was signed "E. L. Ozanne, agent for Henry A. Ozanne." It was admitted in evidence, but there was no proof of the agency of E. L. Ozanne. After that time Lund refused to pay to Helen L. Ozanne, the full rental of twenty-five dollars per month, provided for by the lease, but offered to pay the twenty dollars per month for the portion of the leased premises of which she appeared to be still the owner. December 10, 1903, he was served with a notice to surrender and deliver up the "hotel and premises known as Hotel Ozanne, lot 8, block 5, in the town of White Oaks." On December 16, 1903, the defendant brought suit against the plaintiff in error for the unlawful detainer of the Hotel Ozanne and lot 8, block 5, before a justice of the peace of the precinct, and finally after verdict of a jury in said district court obtained judgment for the possession of the premises demanded and for the rental of twenty-five dollars per month, doubled after the date of judgment by the justice of the peace in favor of the plaintiff.

### OPINION OF THE COURT.

ABBOTT, J.—(After stating the facts.)—Of the grounds of error assigned, the brief for the plaintiff in error specifically presents for the consideration of the court the following:

First. That notice to quit and surrender possession of the demanded premises was not given to the plaintiff in error as required by section 3347 of the Compiled Laws of 1897.

It is not denied that what purported to be such a notice was seasonably served on him, but it is alleged that it was not sufficiently definite to inform him that it came from the defendant in error and did not bear her signature. The statute in question does not require that such

a notice shall be signed. Unquestionably, however, it should be so definite as to inform the party to whom it i. directed, of its source and meaning. The notice was directed to Fletcher M. Lund, and besides describing the premises he occupied under the lease, less the portion deeded to Henry A. Ozanne, as what he was required to surrender, contained this language: "This demand is made by me as the owner and lessor against you as the occupant and lessee of said hotel and premises." There were no other persons or premises to whom those words should have referred. Their meaning was unmistakable and could not have left the plaintiff in error in doubt as to the meaning and origin of the notice.

Second. That the plaintiff in error was released from liability for at least a part of the rent stipulated in the lease to him by eviction under a paramount title from a portion of the leased premises, and so was not in default, and if liable for any part of the rent in this cause could not be held for the entire rental of twenty-five dollars per month.

The deed from the lessors to Henry A. Ozanne of a portion of the leased premises referred to in the statement of facts, in connection with the notice received by the lessee purporting to come from the grantee in the deed, it is claimed, had the effect of evicting him from the premises conveyed by the deed, which was absolutely in form and not in terms, subject to the lease held by Lund.

The record does not show that this question was raised by a request for an appropriate instruction to the jury or by an exception to any instruction that was given, or to anything done or committed by the court prior to or at the time of trial. Such being the case, it is not open to consideration by this court. Territory v. Watson, (N. M.) 78 Pac., p. 504, and cases cited; Territory v. Eaton, (N. M.) 79 Pac., p. 713.

Third. That the rent was not demanded on the leased premises on the day when due.

The rigor of the common law rule, which is here invoked, no longer prevails as far as we are aware, in any jurisdiction. If the lease is silent as to the place of payment, the practice of the parties may establish it. In

the case at bar, it appeared that the rent had invariably been paid at the residence of the lessors, and an offer to pay so much of the rent for which the plaintiff in error was held liable in the present cause as he admitted to be due, was made there in his behalf, and refused on the ground that it was less than the amount claimed and then stated to be due. We think the lessee must be held to have waived the right, if it at any time existed, to have demand made on the leased premises.

Fourth. That permission to file a complaint in place of one alleged to have been lost was given by the district court.

We think it was a proper exercise of the discretion of the court to permit a copy of the complaint which had been lost to be substituted for it, under section 2685, subsec. 116 of the Compiled Laws of 1897.

Fifth. That the justice of the peace before whom the cause was originally tried had no power to try it for the reason that, as alleged, his oath of office had not been recorded, as required by section 3226 of the Compiled Laws of 1897.

The oath of office itself, and not the record of it, is made a condition precedent to the right to act as justice of the peace and there was no evidence that such oath had not been taken by the justice in question.

The judgment of the district court is affirmed.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., Edward A. Mann, A. J., concur.

Pope, A. J., having tried the case did not participate in this decision.