[No. 1306, February 1, 1911.]

# TERRITORY OF NEW MEXICO, Appellee, v. ANTIMO PETTINE, Appellant.

## SYLLABUS.

1. The ordinary function of a motion for a new trial is to call the attention of the court to errors committed on the trial and thus preserve the questions for review in the higher court. Included therein are both errors of law and errors of fact, or of matters within the discretion of the trial court.

2. There was not abuse of discretion by the trial court in the case at bar, an examination of the record showing that there was ample evidence to warrant a conviction eliminating the testimony of a witness who made an affidavit that he had testified falsely.

3. Counsel for defense wholly failing to point out the error complaind of as to any of the instructions excepted to, none of these alleged errors are properly before this court for review.

4. If the court, in criminal cases, fails to instruct the jury fully and fairly as to the law of the case, it is the duty of counsel for defendant to ask the court to give such instructions as he thinks should be given, and in order that defendant may take advantage of such error he must, at the time the jury is instructed, except to the failure of the court so to instruct.

5. The defendant should not only call the specific error to the court's attention by proper objection and exception, but it is also his duty specifically and definitely to set out such alleged error in his motion for a new trial.

6. Under C. L. of 1897, secs. 2996 and 2997, and Laws 1907, Chapter 57, section 37, reenacting C. L. 1897, Section 3139, the motion for a new trial in the case at bar is wholly insufficient to advise this court as to what was presented to the lower court and by the lower court expressly decided.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Affirmed.

THOMAS B. CATRON for Appellant.

Instruction as to various degrees of murder. C. L. 1897, secs. 1064, 1065, 1070; Whart. Hom., sec. 159; Sanders v. State, 41 Tex. 206; Connor v. State, 23 Tex. App. 378; Sidberry v. State, 135 Ind. 690; Griggs v. U. S., 158 Fed. 578; 38 Minn. 439; 62 Mich 329; 25 Oregon 241.

Self-defense. 3 Wharton's Hom. 473, note 1; Carnes v. Com., 87 S. W. 1123; State v. Hudspeth, 150 Mo. 12; Arnold v. Com., 51 S. W. 483; State v. Ballou, 20 R. I. 607; People v. Lynch, 101 Cal. 229; Clay v. State, 44 Tex. Cr. 129; State v. Bartlett, 170 Mo. 658; Maiden v. State, 11 So. 488; Rowe v. U. S., 164 U. S. 546; Whart. Hom. 476, 477, 483; Perkins v. State, 78 Wis. 551; May v. State, 23 Tex. App. 146; Ball v. State, 29 Tex. App. 107; Harris v. People, 32 Col. 211; Ritchie v. People, 23 Colo. 314; Belle v. State, 17 Tex. App. 538; People v. Gonzales, 71 Cal. 569; State v. Mathews, 148 Mo. 185; Carnes v. Com., 87 S. W. 1143; Bohannon v. Com., 8 Bush. Ky. 482; Hitner v. State, 19 Ind. 48; Story v. State, 99 Ind. 413; Granger v. State, 5 Yerger 459; Erwin v. State, 29 Ohio St. 198; Stoneman v. Com., 86 Va. 525; Runyan v. State, 57 Ind. 83; Harris v. State, 30 Tex. App. 548.

Weight of evidence. C. L. secs. 2994, 3431.

New trial on account of new evidence. U. S. v. Biena, 8 N. M. 100; Dennis v. State, 103 Ind. 151; Lindly v. State, 11 Tex. App. 284; 3 Gra. & Wat. on New Trial 1043; Turnley v. Evans, 3 Hump. 224; G. F. M. Co. v. Mathes, 5 N. H. 577; Patterson v. Berry, 4 Minn. 481; Lindley v. State, 11 Tex. App. 284; Curtis v. State, 6 Cold. 9; Mec. F. & I. Co. v. Nicholls, 1 Harrison 410; Robbins v. Fowler, 2 Pike 133; Smith v. Matthews, 6 Mo. 600; Com. v. Williams, 2 Ashmead 69; Com. v. Murray, 2 Ashmead 41; Grover v. Woolsey, Dud. Ga. Rep. 85; Ables v. Donley, 8 Tex. 331; Patterson v. Barry, 4 Binn. 481; Fabrillas v. Cock, 3 Burrows 1771; G. F. & N. Co. v. Mathes, 5 Mc. 574; Carr v. State, 106 Ga. 742; Thompson v. State, 60 Ga. 619; Dale v. State, 88 Ga. 552; 1 Spelling on New Trials, sec. 221; Bussey v. State, 69 Ark. 547; Mann v. State, 14 Tex. 644; G. F. M. Co. v. Mathews, 5 N. H. 174; Richardson v. Fisher, 1 Benj. 145; People v.

Talmage, 114 Cal. 431; Territory v. Armijo, 7 N. M. 437; Faulkner v. Territory, 6 N. M. 490.

Malice aforethought is an essential ingredient in the crime of murder both in the first and the second degree. C. L. 1897, secs. 1060, 2054, 2997; Aguilar v. Territory, 8 N. M. 504; Territory v. Lucas, 8 N. M. 551; Maher v. People, 10 Mich. 212; Territory v. Caldwell, 14 N. M. 343; Territory v. Watson, 12 N. M. 420; Territory v. O'Donnel, 4 N. M. 208; Territory v. Yarberry, 2 N. M. 451; U. S. v. Amador, 6 N. M. 178; Territory v. O'-Donnell, 4 N. M. 208.

No assignment of error in criminal cases is required. C. L., secs. 1064, 2992, 2994, 2998, 2685, sub-secs. 119, 161, 171. Laws of 1907, ch. 57, secs. 37, 38, 46, 60; Suth. on Stat. Con., sec. 152; Territory v. Young, 2 N. M. 106; Territory v. Romine, 2 N. M. 125; Namaque v. The People, 1 Breeze, Ill. 149; People v. McKay, 18 Johns 212; U. S. v. Amador, 6 N. M. 178; Territory v. Nichols, 3 N. M. 110; 1 Bish. Crim. Pro., sec 908; Proff. Jury Trial, sec. 328; Whart. Crim. P. & P., sec. 709; Territory v. Friday, 8 N. M. 207; C. L. 1884, sec. 2054; Aguilar v. Territory, 8 N. M. 502; Territory v. Chamberlain, 8 N. M. 541; Territory v. Guillen, 11 N. M. 194; Williams v. The Commonwealth, 80 Ky. 314; Rhea v. U. S., 6 Okla. 258; K. P. Ry. Co. v. Nichols, 9 Kas. 176; Marbourg v. Smith, 11 Kas. 561; Kas. Pac. Ry. Co. v. Nichols, 9 Kas. 235; A. T. & S. F. Ry. Co. v. Repford, 18 Kas. 250; 9 Kas. 256; 25 Kas. 547; Bard v. Elston, 31 Kas. 276; Pelt v. Davenport, 42 Iowa 314; Hale v. Gibbs, 43 Iowa; Johnson v. Chicago Co., 51 Iowa 30; William v. Barnett, 52 Iowa 638; Williamson v. Chicago Co., 53 Iowa 143; Davenport Gas, Light & Coke Co. v. The City of Davenport, 13 Iowa 229; Territory v. Nichols, 3 N. M. 111; Territory v. Lopez & Casias, 3 N. M. 165; Territory v. Cordova, 11 N. M. 371; Armijo v. Armijo, 4 N. M. 65; Perea v. Colorado Bank, 6 N. M. 4; Reymond v. Newcomb, 10 N. M. 173; Bullard v. Lopez, 7 N. M. 563; McDonald v. Hovey, 110 U. S. 614; Pennock v. Dialogue, 2 Pet.. 1; Probst v. Trustees, etc., 3 N. M. 378; U. S. v. DeAmador, 6 N. M. 178; Territory v. O'Donnel, 4 N. M. 66; Faulkner v. Ter-

Territory v. Pettine, 16 N. M. 40.

ritory, 6 N. M. 479; Territory v. Friday, 8 N. M. 204; Territory v. Lucero, 8 N. M. 543; Territory v. Padilla, 3 N. M. 500; Territory v. Pino, 9 N. M. 603; Territory v. Perea, 1 N. M. 632; Hopt v. Utah. 110 U. S. 579; Reynolds v. Staab, 4 N. M. 606; Hack v. State, 124 N. W. 495, Wis.; Territory v. Sevalles, 1 N. M. 121; U. S. v. Schoemaker, 2 McLean 121; Crain v. U. S., 162 U. S. 643; Territory v. Watson, 12 N. M. 421; 11 Enc.. P. & P. 217.

Reasonable doubt. C. L. 1065; Territory v. Friday, 8 N. M. 210; Allen v. U. S., 164 U. S. 497.

The jury cannot disregard the testimony of a witness if it apears to be fair, is not unreasonable and is consistent with itself, and the witness has not been in any manner impeached except from mere caprice or without cause. City Bank v. Kent, 57 Ga. 283; Smith v. Grimes, 43 Ia. 356; Rockford R. I. & S. L. R. Co. v. Coultars, 67 Ill. 398; Oliver v. Pate, 43 Ind. 132.

Interest of witness in case. Unruh v. State, 105 Ind. 123; Dodd v. Moore, 91 Ind. 522; Woolen v. Whittaker, 91 Ind. 502; Nelson v. Vorce, 55 Ind. 555; Greer v. State, 53 Ind. 420; Hartford v. State, 96 Ind. 461; State v. Sutton, 99 Ind. 300; Territory v. Romine, 2 N. M. 129; Laws of 1880, chap. 6, sec. 23; Sec. 18, Act of July 12, 1851.

FRANK W. CLANCY, Attorney for Appellee.

The action of the trial court upon a motion for a new trial is a matter of such judicial discretion that it cannot be assigned as error in the appellate court. U. S. v. Biena, 8 N. M. 100; U. S. v. DeAmador, 6 N. M. 177; Territory v. Webb, 2 N. M. 156; U. S. v. Densmore, 12 N. M. 109; U. S. v. Lewis, 2 N. M. 462; Territory v. Romero, 2 N. M. 475; U. S. v. Biena, 8 N. M. 105

In criminal cases, if the court fails to instruct the jury fully and fairly as to the law, it is the duty of the counsel for defendants to ask the court to give such instructions as they think should be given, and in order that defendant may take advantage of such error, he must at the time the jury is instructed, except to the failure

of the court so to instruct. Territory v. Caldwell, 14 N. M. 543; Territory v. Gonzales, 14 N. M. 35; Territory v. Watson, 12 N. M. 420; Territory v. O'Donnel, 4 N. M. 208; Territory v. Yarberry, 2 N. M. 454; U. S. v. Amador, 6 N. M. 178; Territory v. Ayer, 15 N. M. 581; U. S. v. Densmore, 12 N. M. 106; Territory v. Garcia, 12 N. M. 98.

Murder. C. L. 1060-1065.

Reasonable doubt. State v. Morey, 25 Ore. 241; U. S. v. Stearns, 27 Fed. Cas. 16, 392, pp. 1313, 1314; U. S. v. Butler, 1 Hughes 491; U. S. v. Johnson, 26 Fed. 685; U. S. v. Jackson, 29 Fed. 503; U. S. v. Jones, 31 Fed. 724; U. S. v. Cassidy, 67 Fed. 782; Wallace v. State, 41 Fla. 580; Vann v. State, 83 Ga. 52; State v. Jefferson, 43 La. Ann. 995; People v. Guidici, 100 N. Y. 599; State v. Morey, 25 Ore. 256; Emery v. State, 101 Wis. 655; Butler v. State, 102 Wis. 868; State v. Serenson, 7 So. Dak. 282; Cohen v. State, 50 Ala. 108; Hodge v. State, 97 Ala. 37; Territory v. Ayer, 15 N. M. 581.

Self-defense. Allen v. U. S., 164 U. S. 497; 2 L. R. A. N. S. 49, note.

It is quite proper to call the attention of a jury to the interest which such a defendant has in the case. People v. Hitchcock, 104 Cal. 485; Dunn v. People, 109 Ill. 642; Keating v. State, 93 N. W. 980; People v. Petmecky, 99 N. Y. 421; Vaughn v. State, 58 Ark. 362, 24 S. W. 885; Jones v. State, 61 Ark. 101, 32 S. W. 81; State v. Turner, 110 Mo. 198, 19 S. W. 645.

Where the court has once instructed as to the reasonable doubt doctrine so that it is applicable to everything in the case, it is not necessary to repeat that instruction as to the different matters about which instructions are given. Territory v. Price, 14 N. M. 263; Carleton v. State, 43 Neb. 373; McCulley v. State, 62 Ind. 428; Carr v. State, 84 Ga. 250; State v. Rockett, 87 Mo. 666.

Whenever, a defendant, in such a case as the present one, offers evidence to show the bad character of the deceased, it is always competent in rebuttal for the pro-

secution to show his good character as a peaceable man and such evidence cannot be limited to mere reputation. 2 Bish. Crim. Proc., sec. 609.

## STATEMENT OF FACTS.

The defendant, Antimo Pettine, was indicted for the crime of murder by the grand jury of Bernalillo County, the indictment alleging, in the usual form, that on the fourth day of February, 1907, the defendant killed and murdered Benedito Berardinelli. To this indictment defendant pleaded "Not guilty," and was tried before a jury, in November, 1908. The jury returned a verdict finding the defendant guilty of murder in the second degree. The Court gave seventeen paragraphs of instructions to the jury, to the giving of which instructions, (at the conclusion of the same) the defendant excepted in the following language: "To the giving of said instructions, and each and every one of them, and each paragraph thereof, the defendant then and there excepted." The defendant also moved the court to instruct the jury in instructions contained in nineteen different paragraphs, all of which requested instructions were refused by the court, except in so far as they were included in the instructions actually given by the court. "To the judgment and decision of the court in overruling said motion and refusing to give said instructions, or any one or any part thereof as prayed for, the said defendant then and there objected and excepted." After trial and verdict the appellant filed his motion for a new trial, setting up seven grounds of error. The first and second grounds of error relate to the admission and rejection of evidence, but the evidence is not set out, and these two objections are not urged upon appeal. The third, fourth and sixth grounds of error in the motion for new trial were as follows: "3. The court gave the jury illegal, wrongful, improper and misleading instructions in said cause, on the trial thereof, which were not asked for by the defendant, and which were objected to by the defendant at the time and exceptions taken to the overruling of the objection. 4. The court refused to give the jury legal, proper and pertinent and material

instructions which were asked for by the defendant on the trial of said cause, to which refusal the defendant then and there excepted." "6. The court did not instruct what were the essential elements of murder in the second degree, or what the jury must believe to find the defendant guilty from the evidence." The fifth ground of error related to the testimony of the witness Campagnoli. It appears from said assignment of error that Campagnoli made an affidavit, which is attached to the motion for a new trial, to the effect that certain testimony given by him upon the trial was false, and it is alleged that such false testimony influenced the verdict of the jury. The seventh and last assignment of error in the motion for a new trial is merely the general saving assignment added to all motions for new trial and need not be considered upon this appeal. The motion for a new trial was overruled, to which ruling of the court the defendant duly excepted.

### OPINION OF THE COURT.

WRIGHT, J.—The first ground of error considered by appellant in his brief is the one referred to in the statement of facts as the fifth ground of error, and relates to the testimony of the witness Campagnoli. Upon the trial of the case the witness Campagnoli testified that the defendant, Antimo Pettine, came to his shop about three months after the death of the deceased, Berardinelli, and that upon entering the shoe shop said to him, Campagnoli, that he had killed Benedito Berardinelli, and that if he had a chance he intended to kill Ceasar Grande and Charlie Grande. or words to that effect. In the affidavit filed in support of the motion for new trial, the witness Campagnoli, sets out that on this occasion, when he had the conversation in his shoe shop, he had never before seen the party who made this statement; that at the time he did not know the defendant, Pettine, but he supposed it was Pettine; that at the time, he, affiant, was intoxicated, so that he could not clearly see the man to distinguish who he was; that after the trial was over, while he was on the train returning to Santa Fe, he met the defendant, Pettine, and that he then for the first time

knew and understood that Pettine was not the man who had come into his shop and made the statements as testified to by him at the trial, but such person was some man unknown to affiant. This assignment of error, if raised at all, is here upon the exception to the order overruling the motion for new trial. The ordinary function of a motion for new trial is to call the attention of the trial court to errors committed on the trial, and thus preserve the questions for review in the higher court. Included therein are both errors of law and errors of fact, or of matters within the discretion of the trial court. With reference to matters in the motion addressed to the sound discretion of the court, this court, in the case of the Territory v. Emilio, 14 N. M. 147, has laid down the rule that the order overruling the motion for new trial is not reviewable. In the case cited, supra, Mr. Justice Parker collected and discussed practically all of the cases decided by this court bearing upon that point. If the rule laid down in the Emilio case is to be considered as controlling, no further discussion of this assignment is necesary. In the case of Territory v. Emilio, cited supra, the question considered related to the disqualification of a juror, and it was held in that case that such matters were addressed wholly to the discretion of the trial court, and while this case seems to lay down the broad general proposition that the appellant court cannot under any circumstances review, upon appeal, matters wholly within the discretion of the trial court, we will, in view of the fact that counsel have considered this assignment with reference to the rule laid down in the case of U. S. v. Biena, 8 N. M. 105, consider the case at bar in the light of the rule so laid down. In the Biena case this court laid down the rule that this court will not review upon appeal assignments of error based upon the discretion of the lower court in overruling a motion for new trial, unless gross abuse of such discretion appear on the face of the record. In that case the court uses the following language: "A trial judge is frequently called upon to rule on matters and material facts which he sees transacted before him, and of which he must take notice as substantial things in the case, but

do not and can not become a part of the record, and which the appellate court can have no knowledge of; and an appellate court should labor to affirm the findings of a jury, when it shall appear from the whole record that the trial court proceeded in the regular and orderly manner prescribed by law, and that the result arrived at by the jury was fair and substantial justice to all parties. The granting or refusing a new trial is a matter resting in the sound discretion of the trial judge to whom it is addressed, and it is not reversible, unless it shall plainly appear that such discretion has been grossly abused; and that does not here appear."

Admitting the power of this court, for the sake of argument, to review the discretion of the trial court in refusing to grant a new trial, there was no abuse of discretion in the case at bar. An examination of the record shows that there was ample evidence to warrant a conviction, eliminating the testimony of Campagnoli entirely. The trial court, seeing the witness and his manner of testifying upon the stand, may well have taken the position that Campagnoli was not worthy of belief, and that his testimony could not, under any circumstances, have affected the verdict of the jury. In fact, the trial court may well have considered that his testimony was favorable to the defendant, rather than adverse. Such being the record in the case, it is not incumbent upon the court, at this time, to determine whether the case at bar should be said to be within the rule laid down in the case of Territory v. Emilio or the case of U. S. v. Biena, cited supra, as under either view of the rule the assignment of error is not well taken.

2. The second assignment of error discussed by the appellant relates to alleged error in the fourth instruction given by the court. The fourth instruction so given by the court is as follows: "Murder in the second degree is 'all murder which shall be perpetrated by means of a dangerous weapon, unless it is committed under such circumstances as constitute excusable or justifiable homicide, or which shall be perpetrated unnecessarily, either while resisting an attempt by the person killed to commit

any offense against person or property or after such attempt shall have failed. The absence of deliberate premeditated design is what chiefly distinguishes it from murder in the first degree.' " This instruction is based upon the statute as it existed prior to the amendment of 1907. An examination of the record in this case discloses that the court, in Instruction No. 2, defined murder, express malice and implied malice, and then followed, in Instruction No. 3, with a definition of murder in the first degree, as related to the circumstances of this case. In Instruction No. 6, he explained what is meant by the term 'deliberation' and 'premeditation' as related to murder in the first degree, and in Instruction No. 7, he explained justifiable homicide. To none of these instructions, including Instruction No. 4, above quoted, were any exceptions taken, except the general exceptions mentioned in the statement of facts; and in the motion for new trial defendant's counsel wholly fails to point out the error complained of as to any of the above mentioned instructions, including the fourth instruction defining murder in the second degree, above referred to. It appears, therefore, that none of these alleged errors are properly before this court for review. This court has repeatedly condemned such assignment of error and refused to consider the same upon appeal. Territory v. Guillen, 11 N. M. 209; Territory v. O'Donnel, 4 N. M. 208; Territory v. Yarberry, 2 N. M. 454. In the case of Territory v. Guillen, cited supra, this court used the following language upon this point: "Exceptions taken during the trial of a cause to the rulings of the court and to the instructions should specify wherein counsel contend that the court has erred, in order that the trial court may be given an opportunity to correct error prior to the close of the trial, if such has occurred, or, such errors should be pointed out in the motion for a new trial, that a new trial may be granted the unsuccessful party, in case error has actually occurred. In this case counsel have not attempted in their motions for a new trial and in arrest

of judgment, to direct the court's attention to any specific error in the instructions of the court, except to paragraph five which has been considered."

An examination of the record in the case at bar, shows further that counsel for appellant wholly failed to ask for any additional or different instruction defining murder in the second degree. This court has repeatedly held in criminal cases that, if the court fails to instruct the jury fully and fairly as to the law of the case, it is the duty of counsel for defendant to ask the court to give such instructions as he thinks should be given, and in order that defendant may take advantage of such error he must, at the time the jury is instructed, except to the failure of the court so to instruct. Territory v. Caldwell, 14 N. M. 543; Territory v. Gonzales, 14 N. M. 35; Territory v. Watson, 12 N. M. 420; Territory v. O'Donnel, 4 N. M. 208; U. S. v. De Amador, 6 N. M. 178; Territory v. Ayer, 15 N. M. 581.

The sixth ground of error in the motion for new trial is addressed *to the failure of the court to instruct, and not to any inherent error in the instruction as given.* No other or more complete instruction was requested, and no exception was taken to the failure of the court to more fully instruct. This brings the sixth ground of error clearly within the rule laid down in the case of Territory v. Watson, cited *supra,* and such alleged error, never having been properly called to the attention of the lower court, cannot be considered upon this appeal. In other words, the defendant should not be permitted to gamble upon the verdict, to sit quiet and not call the attention of the trial court to points of alleged error, which, if called to the attention of the trial court at the time, might be easily corrected, and thereby a miscarriage of justice be avoided. Not only should the defendant, under our procedure, call the specific error to the court's attention by proper objection and exception, but it is also his duty to specifically and definitely set out such alleged error in his motion for new trial, so that the court may at that time carefully consider the same, and, in event harmful error has been committed, immediately grant a new

trial. Under the old system of common law, every techni-
cality was properly to be resolved in favor of the defen-
dant; but under the modern system of criminal procedure,
where rich and poor have a like standing in court, where
the court will furnish counsel to a defendant without
money; will grant compulsory process for witnesses; and
where defendant can go upon the stand in his own behalf,
all of these conditions have been changed, and the reason
for the strict technicality of the common law has disap-
peared. In the case of Hack v. State, 141 Wis. 346, the
supreme court of Wisconsin, in discussing the right of the
defendant to sit quiet without calling alleged errors to the
trial court's attention, used the following language: "Surely
the defendant should have every one of his constitutional
rights and privileges, but should he be permitted to juggle
with them? Should he be silent when he ought to ask
for some minor right, which the court would at once give
him, and then, when he had had his trial and the issue
has gone against him, should he be heard to say that there
was error because he was not given his right? Should he
be allowed to play his game with loaded dice? Should
justice travel with leaden heel, because the defendant has
secretly stored up some technical error, *not affecting the
merits,* and thus secure a new trial, because, forsooth, he
can waive nothing? *We think not.* We think that sound
reason, good sense, and the interests of the public demand
that the ancient, strict rule, framed originally for other con-
ditions, be laid aside, at least so far as all prosecutions
for offenses less than capital are concerned. We believe
it has been laid aside in fact, (save for the single exception
that trial by jury of twelve cannot be waived, unless author-
ized by special law) by the former decisions of this court.
It is believed that this court uniformly attempted to dis-
regard mere formal errors and technical objections, not
affecting any substantial right, and to adhere to the
spirit of the law, which giveth life, rather than to the
letter, which killeth. It may not always have succeeded;
it is intensely human, but since the writer has been here,
he knows that the attempt has been honestly made."

3. The remaining errors complained of in the brief

of the appellant are before the court, if at all, solely upon the third and fourth grounds of error set forth in the motion for new trial. Both of these assignments came clearly within the rule of this court laid down in the case of Territory v. Guillen, cited supra, and will not be considered upon this appeal. The judgment of the lower court is affirmed.

## OPINION ON MOTION FOR REHEARING

WRIGHT, J.—The original opinion in this case was handed down at the January sitting of this court. Motion for rehearing was duly filed. The motion for rehearing raises no question not fully considered in the original opinion, but appellant's brief on the motion for rehearing calls attention to a seeming confusion in some of the opinions of this court as to the meaning of Section 2997, C. L. 1897, which we deem worthy of consideration at this time.

"Sec. 2996. The court must read to the jury all the instructions it intends to give and none others, and must announce them as given, and shall announce as refused, without reading to the jury, all those which are refused, and must write the words, Given, or, Refused, as the case may be, on the margin of each instruction.

"Sec. 2997. If the giving or refusal be excepted to, the same may be without any stated reason therefor, and all instructions demanded must be filed, and shall become a part of the record."

Appellant in his brief takes the position that the original opinion in this case holds that general exceptions to the giving or refusing of instructions taken at the time such instructions are given or refused, without therein stating the grounds of such exceptions, are not proper or sufficient to save any alleged errors in such given or refused instructions. The original opinion herein does not so hold. It is true that in the statement of facts attention is called to the manner in which the exceptions were saved, but this was done merely to emphasize the fact that the errors complained of on this appeal were never presented to the trial court in any manner what-

ever, so that they could be there considered and expressly decided. We think that a careful reading of the original opinion will indicate very clearly that the errors in the instructions assigned in this court were held as not properly before us for consideration, for the reason that the record and bill of exceptions wholly fails to disclose that any of such alleged errors (except the sixth ground in the motion for new trial, which is disposed of in the original opinion) were ever called to the attention of the trial court and by the trial court expressly decided. Counsel for appellant also criticizes several earlier opinions of this court which, according to the view taken in his brief, seems to be drifting away from the express terms of Section 2997 of the Compiled Laws, cited supra. Section 37, of Chapter 57, of the Laws of 1907, being in substance a re-enactment of the earlier statute of 1846, as compiled in Section 3139 of the Compiled Laws of 1897, provides that exceptions must be taken at the time of the decision "and no exception shall be taken in any appeal to any proceeding in a district court except such as shall have been expressly decided in that court." All of the former decisions of this court of which counsel for appellant complains, when carefully considered, will be found to be based upon the general proposition stated in the statutes last cited. Territory v. Guillen, 11 N. M. 209; Territory v. West, 14 N. M. 557; Territory v. Chaves, 9 N. M. 282; Territory v. Cristman, 9 N. M. 587; Territory v. Archebeque, 9 N. M. 404; Territory v. Leslie, 15 N. M. 240; and cases cited in the original opinion. The case of Territory v. Yarberry, 2 N. M. 454, which holds that specific exceptions to instructions are necessary, was decided by this court upon the terms of the statute then in effect, and has no bearing upon the construction of Sec. 2997, C. L. 1897, quoted supra. The case of Probst v. The Trustees, etc., 3 N. M. 378, which is to the same effect, was decided by this court in 1885 upon the authority of Territory v. Yarberry, cited supra. The statute under which Territory v. Yarberry had been previously decided, was repealed prior to the decision in the case of Probst v. Trustees, but by a rule of this court adopted in 1880

and in force until August 25, 1897, when the rules were changed to comply with the provisions of the new code, no Judge of the District Court could allow any bill of exceptions containing the charge of the court at large to the jury, in trials at common law upon any general exceptions to the whole of such charge; but the party excepting was required to state distinctly the several matters of law in such charge to which he excepted, and such matters of law, and those only, were to be inserted in the bill of exceptions and allowed by the court. It thus appears that neither of the two cases last cited have any bearing upon the present procedure. In the case of the Territory v. Alarid, 15 N. M. 165, this court, in construing the terms of Section 2997, cited *supra*, held that, "a general exception to an instruction and charge, though in part erroneous, is in part correct, cannot be sustained." It therefore follows that general exceptions taken to the instructions without stating any reason therefor, subject to the limitation pointed out in the case of Territory v. Alarid, cited *supra*, are sufficient under the present procedure, as defined by Section 2997, cited *supra*. It cannot be said, however, that the mere taking of general exceptions to instructions, without stating the grounds therefor, presents any question for decision to the trial court at the time such exceptions are taken; hence it follows that the alleged errors must be specifically called to the attention of the trial court and be by the trial court expressly decided. This can only be done by a motion for a new trial, wherein the errors to be relied upon on appeal are specifically and definitely set out and called to the attention of the trial court for its action. This brings us to the question passed upon in the original opinion, namely, are the grounds upon which the assignments of error in this court are predicated, sufficiently set out in the motion for new trial to bring them within the requirements of Section 37, Chapter 57, Laws of 1907? This question was answered in the negative in the original opinion, and we can see no reason for changing our views at this time. Upon the necessity of a motion for new trial to preserve errors relied upon on appeal, we cite the fol-

lowing decisions of this court: Territory v. Chaves, 9 N. M. 282; Territory v. Christman, 9 N. M. 587; Territory v. Archibeque, 9 N. M. 404. As to the degree of particularity and certainty required in setting out the grounds of error in a motion for new trial, we cite the following: Territory v. Guillen, 11 N. M. 209; Territory v. West, 14 N. M. 557; R. R. v. Johnson, 114 Tenn. 641-2; French v. French, 215 Ill. 470; Call v. People, 201 Ill. 500. Tested by the rule laid down in the cases of Territory v. Guillen and Territory v. West, cited *supra*, the motion for new trial in the case at bar is wholly insufficient to advise this court as to what was presented to the lower court and by the lower court expressly decided. The assignments of error urged in this court (except the sixth ground in the motion for new trial disposed of in the original opinion) not being predicated upon any definite or specific grounds of error in the motion for new trial, we must adhere to our ruling in the original opinion.