State v. Eaker, 17 N. M. 479.

[No. 1525, March 4th, 1913.]
STATE OF NEW MEXICO, Appellee, v. GEORGE EAKER, Appellant.

## SYLLABUS (BY THE COURT).

1. Ordinarily neither the verdict of a jury nor the finding of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence.

2. Where a party complains of an alleged erroneous decision of the court trying the cause, either in the exclusion or admission of evidence, he must point out in his motion for a new trial with reasonable certainty the particular evidence admitted or excluded; otherwise the court below need not, and the Supreme Court will not, consider such alleged erroneous decision.

3. The correctness of instructions given by the trial court will not be reviewed by the Supreme Court, unless objection is interposed to the giving of such instruction, and an exception saved.

Appeal from District Court, Lincoln County.

PRICHARD & HOWARD, for Appellant.

No evidence to sustain conviction. Blashfield's Instructions to Juries, vol. 1, sec. 33; and cases there cited; Caldwell v. Center, 30 Calif. 539; Jones v. Randolph, 104 U. S. 108; 12 Cyc. 651.

H. S. CLANCY, Assistant Attorney General, for Appellee.

It is too late to raise in this court any question as to instructions. Territory v. McGrath, 16 N. M. 202; Territory v. Caldwell, 14 N. M. 535; Territory v. Gonzales, 14 N. M. 31; Territory v. Watson, 12 N. M. 419; Territory v. O'Donnell, 4 N. M. 196.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant was jointly indicted, with one Daniel Bullion, by the grand jury of Lincoln County, charged with making assault upon one William D. Wilson, with intent to rob and take from him, said Wilson, his money, goods, etc. The case was tried on the 20th day of May, and the jury returned a verdict, finding both defendants guilty, as charged. A motion for a new trial was filed by the appellant, which was overruled by the court, and appellant was sentenced to the state penitentiary, for a term of not less than two, nor more than three years. From such judgment this appeal is prosecuted.

The principal contention urged by the appellant, in support of a reversal, is that the verdict of the jury was contrary to the evidence. It has been repeatedly held by the Territorial Supreme Court, that "ordinarily neither the verdict of a jury nor the finding of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence;" Territory v. Sais, 15 N. M. 171; Territory v. Trapp, 16 N. M. 700. We have carefully read the record and find facts and circumstances in evidence from which the jury might properly have drawn the conclusion that the defendant was guilty; that he was acting in concert with his co-defendant, and therefore we cannot disturb the verdict. The insufficiency of the evidence was called to the attention of the trial court in the motion for a new trial. The lower court and the jury, heard the witnesses on the stand; were able to observe their appearance and demeanor while testifying; and were thus enabled, more nearly to arrive at the truth than could the appellate court, by reading the record. If the trial judge entertained a reasonable doubt as to the guilt of the defendant, he should, and doubtless would have granted him a new trial. The verdict is supported by substantial evidence, and we cannot, therefore, set it aside.

It is next urged that the court erred "in permitting the district attorney to inquire into the financial condition of the appellant prior to the alleged offense over the objection of the appellant." The record discloses that the district attorney, over appellant's objections, asked the

prosecuting witness the following questions: "During the afternoon, at any time, did you have any conversation with these defendants, or either of them relative to their financial condition, or whether they needed money." The witness answered that he had conversed with them about the matter but did not detail the conversation, stating that he had forgotten it. He testified to no fact that would lead to the conclusion that the men were either rich or poor. Even if there had been error in overruling the objection to the question, the appellant, having failed to point out such alleged error in his motion for a new trial, cannot avail himself of it here. The motion for a new trial alleged that "the court erred in overruling defendant's objections to the various matters and things testified about by the witness for the state to which objections were interposed, and in rejecting defendant's offers of evidence and not allowing the same to go to the jury on the trial." The Territorial Supreme Court has, in several decisions, quoted with approval the rule laid down by the Supreme Court of Indiana, in the case of Grant v. Westfall, 57 Ind. 126, as follows:

"It has been repeatedly held by this court that when a party complains of an alleged erroneous decision of the court trying the cause, either in the exclusion or admission of evidence, he must point out in his motion for a new trial with reasonable certainty the particular evidence admitted or excluded; otherwise the court below need not, and this court will not, consider such alleged erroneous decision." See Territory v. Anderson, 4 N. M., 213; Mogollon Gold Copper Co. v. Stout, 14 N. M. 245.

It is finally urged, that the court erred in one of the instructions given the jury. We need not, however, consider whether or not this instruction is correct for the record before us fails to show that it was excepted to, and indeed it does not appear that the exceptions were interposed to any of the instructions given by the court. It is well settled in this state, by a long line of authorities, that the correctness of instructions given by the trial court will not be reviewed by this court, unless exceptions to the giving of such instructions are saved

and an opportunity given to the trial court to correct the mistake. See U. S. v. Cook, 15 N. M. 124, where the authorities are collected. If this instruction was objectionable to the defendant the court's attention should have been called to it, at the time it was given, so that the court could, in case it was pointed out wherein it was erroneous, have corrected the same. Courts are not infallible and it is the duty of attorneys to call attention to errors, at the time of their commission, so that they may be corrected.

Finding no available error in the record the judgment of the lower court is affirmed, and it is so ordered.