State v. Johnson, 21 N. M. 432.

[No. 1829, February 21, 1916.]
STATE v. JOHNSON.

SYLLABUS BY THE COURT.
While, under the statute, it is the duty of the court to instruct the jury in writing, unless written instructions are waived by both parties, entered on the record, yet where a party fails to object to the action of the court in instructing the jury orally until after verdict by the jury his objection comes too late.

Appeal from District Court, Grant County; Colin Neblett, Judge.

Albert Johnson was convicted of larceny, and appeals. Affirmed.

GEORGE L. REESE of Portales, for appellant.

Cort erred in giving oral instructions to jury.

Secs. 2793, 2794, 2796, 2800, Code 1915; Territory v.
Perea, 1 N. M. 627; Territory v. Lopez & Casias, 3 N. M.
156; United States v. Densmore, 12 N. M. 108.

HARRY S. BOWMAN, Assistant Attorney General, for
the State.

No exception was taken to action of court in orally in-
structing jury until after jury had returned their verdict.
Therefore the appellant cannot now be heard to raise the
question.

State v. Eaker, 17 N. M. 479; Territory v. Romine, 2
N. M. 114; Leonardo v. Territory, 1 N. M. 291; State v.
Padilla, 18 N. M. 573; State v. Lucero, 18 N. M. 484;
U. S. v. Cook, 15 N. M. 124; Lund v. Ozanne, 13 N. M.
293; Territory v. Watson, 12 N. M. 419; Padilla v. Ter-
ritory, 8 N. M. 462; Laird v. Upton, 8 N. M. 409; Terri-
tory v. O'Donnell, 4 N. M. 208; Territory v. Baker, Id.
283.

## OPINION OF THE COURT.

ROBERTS, C. J.—This is an appeal from a judgment
of the district court of Grant county, sentencing appellant
to serve a term in the state penitentiary, which said judg-
ment was based upon the verdict of a jury finding appel-
lant guilty of the larceny of a bay mare, the property of
one Edward Dickinson. Appellant relies upon two al-
leged errors for a reversal: First, that the court erred in
instructing the jury orally as to the law of the case; and,
second, that there is no substantial evidence warranting
the verdict.

From the transcript it appears that no objection was in-
terposed by appellant to the action of the court in giving
oral instructions to the jury, which said instructions were
taken down by the court stenographer. After the verdict
of the jury was returned, appellant filed written excep-
tions to the action of the court in instructing the jury

orally. He was too late with his objections. It was his duty to object to the oral instructions at the time they were delivered to the jury, and, had he done so, doubtless the court would have reduced them to writing, and thus the alleged error would have been avoided. Exceptions not having been taken to the giving of oral instructions at the time they were given, appellant loses his right to object, for, as we said in State v. Eaker, 17 N. M. 479; 131 Pac. 489:

"Courts are not infallible, and it is the duty of attorneys to call attention to errors at the time of their commission, so that they may be corrected."

This court has repeatedly held that the correctness of instructions given by the trial court will not be reviewed on appeal, unless exceptions are saved and an opportunity for correction given. State v. Padilla, 18 N. M. 573, 139 Pac. 143; State v. Eaker, 17 N. M. 479, 131 Pac. 489; State v. Lucero, 17 N. M. 484, 131 Pac. 491; United States v. Cook, 15 N. M. 124, 103 Pac. 305; Lund v. Ozanne, 13 N. M. 293, 84 Pac. 710; Territory v. Watson, 12 N. M. 419, 78 Pac. 504; Padilla v. Territory, 8 N. M. 562, 45 Pac. 1120; Laird v. Upton, 8 N. M. 409, 45 Pac. 1010; Territory v. O'Donnell, 4 N. M. 208, 12 Pac. 743; Territory v. Baker, 4 N. M. 236, 13 Pac. 30. In the case of Leonardo v. Territory, 1 N. M. 291, this very question was passed upon, and the court held that, while instructions should be in writing, still judgment will not be reversed on the ground that they were oral, unless the instructions were excepted to at the time they were given.

We have read the evidence, and believe that it fully warranted the verdict; hence the cause must be affirmed, and it is so ordered.

HANNA and PARKER, J.J., concur.