52 P.(2d) 127

**LAWS et al. v. PYEATT et al.**
No. 4088.

Supreme Court of New Mexico.
Dec. 2, 1935.

J. Lewis Clark, of Estancia, and G. O. Caldwell, of Mountainair, for appellants.

Fred H. Ayers, of Estancia, and Joseph Gill, of Albuquerque, for appellees.

ZINN, Justice.

This case is before us on a motion for rehearing. We deem it advisable to withdraw the former opinion and substitute the following:

Appellees brought an action in replevin, preliminary to foreclosure of a chattel mortgage, for the possession of 765 head of caracul sheep. The chattel mortgage was given by G. E. Renner. The amount due under the note, secured by the chattel mortgage, was in the sum of $936, less a credit of $113.42. Appellant had the sheep in his possession. To the replevin action he filed an amended answer in the nature of a general denial. At the trial it developed that he claimed the sheep under an old bill of sale given him by Renner. He did not plead this bill of sale. The case was tried to a jury, and verdict and judgment rendered in favor of appellees in the sum of $1,186.35 and that appellees were entitled to possession. From this judgment, this appeal is prosecuted by Pyeatt.

Four errors are assigned. We treat each in the order of their assignment.

Appellant objected to the introduction in evidence of the power of attorney from G. E. Renner to G. H. Renner. The mortgage was executed by G. H. Renner, as attorney in fact for G. E. Renner. Appellant's objection was based on the proposition that inasmuch as no copy of the power of attorney was set out in the complaint, that it was inadmissible, being prohibited from admission in evidence by Comp.St. 1929, § 105-522. On its admission appellant assigns error.

This is without merit. Section 105-522 provides that when any instrument of writing upon which the action or defense is founded is referred to in the pleadings, the original or a copy thereof shall be filed with the pleading, if within the power or control of the party wishing to use the same, and if such original or a copy thereof be not filed as required by said section 105-522, or a sufficient reason given for failure to do so, such instrument of writing shall not be admitted in evidence upon the trial. Appellant clearly misconstrues the import of this section of our code. The right of action of appellees is founded on the chattel mortgage. This is so obvious that it requires no elucidation. No instrument need or should be filed or annexed which is not the foundation of the action or defense. Beebe v. Fouse, 27 N. M. 194, 199 P. 364.

 The second error complained of by appellant is likewise without excellence. It is based on the court's overruling an objection to an instruction given to the jury by the court, and not giving the jury an instruction requested by appellant as to what constitutes a valid bill of sale. The objection to the instruction already given and appellant's requested instruction came after the jury had already been instructed and retired, and after they had returned to the courtroom and reported a possible inability to agree, and had again retired. The requested instruction was not in writing, and was likewise made at the time the jury had retired, reported their inability to agree, and had again retired. Comp. St. 1929, § 70-102.

Such requested instruction must be submitted to the court in writing when the evidence is concluded, and before the cause is argued or submitted to the jury. Comp. St. 1929, § 70-101.

The objection to the instruction already given was not timely because not made at the time given.

This rule is well established in this jurisdiction and since July 1, 1934, fixed by rule. Trial Court Rules 70-108. (This cause was tried before July 1, 1934.)

In 64 C.J. 935, § 730, the general rule respecting the time when objections must be made to instructions being given is stated as follows: "In the absence of any statute providing otherwise, objections or exceptions to instructions or refusal to instruct must be taken at the trial in order to be available, and, even though the statute dispenses with the necessity of formal exceptions, the attention of the court must in some way be called to alleged errors, in time to give it an opportunity to correct them. This rule has been generally construed to require such objections or exceptions to be taken at the time the instructions are given or are refused, and before the retirement of the jury. * * *"

We are committed to the rule that in order to be timely, objections to instructions must be made *before the jury retires.*

In 1 Randall's Instructions to Juries § 509, the general rule is stated to such effect. Randall says: "In some jurisdictions objections to the charge, not made prior to the reading of it to the jury, cannot be considered." He cites State v. Lucero, 24 N.M. 343, 171 P. 785, in support of this statement. Immediately following such statement, Mr. Randall says: "Under this rule exceptions taken after the jury have retired, and when they have returned to ask for further instructions, are too late." He cites Hayes v. Solomon, 90 Ala. 520, 7 So. 921; Garoutte v. Williamson, 108 Cal. 135, 41 P. 35, 413. See, also, Sovereign Camp v. Gay, 217 Ala. 543, 117 So. 78, 79.

In State v. Lucero, supra, we said: "Errors in instructions must be called to the attention of the trial court by proper objections or exceptions before the instructions are given to the jury."

Repeatedly we have made the general statement that errors in instructions must be taken advantage of "at the time the jury is instructed." See Territory v. Pettine, 16 N.M. 40, 113 P. 843, 845; State v. Eaker, 17 N.M. 479, 131 P. 489; State v. Alva, 18 N.M. 143, 134 P. 209; State v. Padilla, 18 N.M. 573, 139 P. 143; State v. Johnson, 21 N.M. 432, 155 P. 721.

The early case of *Leonardo v. Territory,* 1 N.M. 291, is a case in which verbal instructions were given instead of written. The court concedes that the instructions should have been in writing, but says that the judgment will not be reversed on that ground, unless the instructions are except-ed to at the time and embodied in the bill of exceptions.

The case of *Territory v. O'Donnell,* 4 N.M. (Gild.) 196, 12 P. 743, 748, which is cited frequently in later opinions as being the leading case on this point, quotes from Martin v. People, 13 Ill. 341, 342, as follows: "The only way for a party to avail himself in this court of objections to instructions in the court below is to except to the decisions of the court, in giving or refusing them, at the time they are made." We then cite a great number of cases and say: "These citations might be greatly multiplied, but the above are sufficient to show that the rule prescribed in the statute is so well known that an omission to except to the giving of the instructions at the time must be held as indicating entire satisfaction with such instructions, and as precluding any exception to them for the first time here."

In the case of Territory v. Baker, 4 N. M. (Gild.) 236, 238, 13 P. 30, 45, we said: "No objection or exception having been taken at the time, it was too late to make such alleged error available after the retirement of the jury."

■ The third point assigned as error by the appellant is based on his assertion that the complaint of appellee fails to state facts sufficient to constitute a cause of action. It is the appellant's contention that because the complaint does not allege that appellee's mortgage was a first and prior mortgage, and because it does not allege that G. H. Renner was attorney in fact for G. E. Renner, the mortgagor, that

therefore the complaint is insufficient. The failure to plead the details surrounding a mortgage which is the foundation of the cause of action, if such details are even required to be pleaded, which we do not hold to be true in this case, should be reached by a motion to make more definite and certain. Having litigated the matter without such motion, the appellant cannot be heard to complain for the first time in this court.

As to the fourth and final point urged by appellant that the verdict of the jury is contrary to the evidence, we merely state that the record does not bear out this contention.

For the reasons given, the judgment will be affirmed.

It is so ordered.

SADLER, C. J., and BICKLEY, J., concur.

BRICE and HUDSPETH, JJ., not participating.