[No. 1572, February 11, 1914.]

# STATE OF NEW MEXICO, Appellee, v. CANDIDO PADILLA, Appellant.

## SYLLABUS (BY THE COURT)

1. The correctness of instructions given by the trial court will not be reviewed by the Supreme Court, unless exception is taken to the giving of such instructions at the time they were given.

P. 576

2. The failure of the court to instruct the jury on all of the law applicable to the case cannot be taken advantage of, unless excepted to at the time the jury is instructed.

P. 576

3. A variance between the allegations in the indictment and the proofs at the trial cannot be raised on a motion for a new trial and cannot be assigned as error in this Court unless the question was raised at the trial of the case and the court trying the same given an opportunity to pass upon the question.

P. 577

4. Where there is substantial evidence to support a verdict the appellate court will not disturb it.

P. 578

5. A new trial on the ground of newly discovered evidence will not be granted for evidence that was known to defendant at the time of the trial.

P. 578

Appeal from the District Court of Colfax County; Thomas D. Leib, District Judge; affirmed.

J. LEAHY, Raton, N. M., for appellant.

Proof of burglary is without foundation. Little v. Commonwealth, 152 S. W. 569.

Court invaded the province of the jury because it precluded from the jury the consideration of any defence, except that of alibi. Court should have requested instruction as to how the defendant came into possession of the property. 6 Cyc. 254; State v. Dashman, 55 S. W. 69; Torres v. State, 55 S. W. 828; Hayes v. State, 35 S. W. 983; William v. State, 33 S. W. 371; Eley v. State, 13 S. W. 998; Considine v. U. S., 112 Fed. 342; Robertson v. State, 26 S. E. 728; Bond v. State, 4 S. W. 580.

Court should have submitted every explanation offered by defendant touching his possession of any of the property. 6 Cyc. 255; Knight v. State, 65 S. W. 88; Alvin v. State, 60 S. W. 551; Williams v. State, 33 S. W. 371; McCoy v. State, 81 S. W. 46; Wheeler v. State, 30 S. W. 913; People v. Land, 76 Pac. 232; State v. Scott, 19 S. W. 89; Cornwall v. State, 18 S. E. 154; Falvey v. State, 11 S. E. 607; C. L. 1897, sec. 1111.

The breaking and entering as alleged should have been defined and complete instructions given on the evidence touching the same. Timmons v. State, 32 Am. Rep. 376; Dennis v. People, 27 Mich. 151; State v. Reid, 20 Ia. 413; Harris v. People, 38 Am. Rep. 267; State v. Yohe, 53 N. W. 1088; State v. Fleming, 12 S. E. 131.

The time of the offense should have been fully covered by the instructions. People v. Bielfus, 26 N. W. 771; Bergerson v. State, 74 N. W. 253; State v. Morris, 47 Conn. 179.

Breaking must be affirmatively proved as charged. Jones v. State, 7 S. W. 669.

No essential fact ·can be presumed. People v. Griffin, 19 Cal. 578; State v. Gray, 46 Pac. 801; State v. Frahm, 35 N. W. 451; Levine v. State, 3 S. W. 660.

Variance. State v. Teeter, 27 N. W. 485; Green v. State, 19 S. W. 1055.

Defendant's possession alone is wholly insufficient to rest a verdict, judgment or sentence upon. Fuller v. State, 48 Ala. 273; Lester v. State, 32 S. E. 335; Dawson v. State, 25 S. W. 21; Mangham v. State, 13 S. E. 55, 40 Am. St. R. 791.

There was no direct evidence of burglary having been committed, and the evidence could only support a verdict of guilty of larceny. Sullen, et al. v. Board of Commissioners, 47 Pac. 165; People v. Barry, 29 Pac. 1026.

HARRY S. CLANCY, Assistant Attorney General, Santa Fe, N. M., for appellee.

Objections to instructions given, or for refusal to give requested instructions, must be made at the time the alleged erroneous instructions were given, or instructions refused, or the objections cannot be raised on appeal. State v. Eaker, 17 N. M. 379; State v. Lucero, 17 N. M. 484.

There was no error in the refusal of the court to grant a new trial upon the ground of newly discovered evidence. 12 Cyc. 735; 29 Cyc. 896; Hardin v. State, 33 S. E. 700; State v. Foley, 46 N. W. 746; Parsley v. State, 64 S. W. 257; Frickie v. State, 51 S. W. 394; Moore v. State, 53 S. W. 862; Tanner v. State, 44 S. W. 489; Butts v. State, 33 S. W. 866.

## OPINION OF THE COURT.

NEBLETT, D. J.—Appellant was indicted by the grand jury of Colfax County for breaking and entering the shop of Max Karlsruher in the night time with intent to commit larceny therein, and was tried in the District Court of said County and found guilty as charged in the indictment and sentenced by the court to imprisonment in the State penitentiary for not less than two· years nor

more than three years and to pay the costs of his prosecution.

It is urged by appellant in his brief that instructions numbered 6 and 7 given by the court of its own motion at the trial of this case are erroneous. The record in this case nowhere shows that exceptions were taken to the giving of these instructions by the court at the time they were given, nor does counsel set up as error the giving of such instructions in his motion for a new trial. It is a well settled rule of this Court, decided in numerous **1** cases, that this Court will not review any alleged error in instructions given by the trial judge unless exceptions are saved at the time of the giving of same and an opportunity given the trial court to correct the error. The most recent cases decided by this Court sustaining this view are State v. Eaker, 131 Pac. 489; State v. Lucero, 131 Pac. 491.

It is assigned as error by appellant in his motion for a new trial that the trial court failed to fully and sufficiently instruct the jury on the law of the case and **2** the issues raised at the trial. An examination of the record discloses that no instructions covering defendant's views of the issues raised in this case by the evidence were submitted by the defendant to the court to be given to the jury. Without passing upon the question as to whether or not the instructions given by the trial judge in this case covered all the issues raised, it is well settled that the non-direction by the court to the jury of a material issue raised by the evidence cannot be reviewed on appeal unless proper instructions covering the issues are submitted by the defendant and refused by the court. In the case of Territory v. Gonzales, (N. M.) 68 Pac. 925, this Court said: "Where counsel are of the opinion that the court's instructions do not fully cover the issues in the case, it is the duty of counsel to submit proper instructions covering omissions claimed in the trial court; and if counsel fail to do so, he is not in position to assign error upon such grounds in this Court." This principle, as laid down in the Gonzales case, was upheld and followed in the case of Territory v. Watson, 12 N. M. 419.

State v. Padilla, 18 N. M. 573.

It is provided by the laws of New Mexico, chap. 57, Laws of 1907, sec. 37, "Exceptions to the decisions of the court upon any matter of law arising during the progress of a cause must be taken at the time of such decision and no exceptions shall be taken in any appeal to any proceedings in a District Court except such as shall have been expressly decided in that court. * * * * This statute is a re-enactment in exact words of sec. 3139 and sec. 3145 of the Compiled Laws of New Mexico, 1897. It was held by this Court in the case of Territory v. Watson, supra, that section 3145 of the Compiled Laws of 1897 is applicable in criminal cases as well as in civil cases.

The indictment in this case alleges that the shop of Max Karlsruher, was burglarized, and the testimony offered in this case was as to the breaking and entering of the store of Max Karlsruher. Counsel for appellant claims that this is a fatal variance between the allegation in the indictment and the proof offered on the trial. It is provided by statute, chapter 57, sec. 37, Sessions Laws of 1907, quoted above, that only such questions of law as are passed upon by the trial court can be assigned as error and reviewed in this Court. "The record does not disclose that this question was raised during the trial of this case in the court below; and it is not, therefore, properly before this Court for review and cannot be reviewed by this Court, as it is not a question which was directly passed upon by the trial judge at the time of the trial and no assignment of error by the trial judge can be made where he was not given an opportunity to and did not specifically pass upon the question raised. It was the duty of the defendant to raise this question before verdict either by motion to dismiss on the grounds of a variance between the allegations of the indictment and the proofs offered at the trial or by a request for an instruction of not guilty."

Even though this question was properly before this Court for consideration, there is nothing in appellant's contention that there is a variance. The building from which the goods were stolen, being a place for the sale of goods, was rightfully denominated a shop in the indict-

ment and is in conformity with the definitions of the word shop by lexicographers generally. The New Mexico statute has not prescribed any punishment for burglary in a store. The fact that the witness in testifying termed the building a store was unimportant. Whatever name the witness might have given the building, it is nevertheless a shop. Commonwealth v. Riggs, 77 Amer. Dec. 333, 80 Mass. (14 Gray), 376.

Appellant urges as a ground of error in this case that the evidence introduced at the trial was insufficient upon which to base a verdict. We have read the record of the evidence and find that there is evidence from which the jury could properly infer that the building mentioned in the indictment was entered in the night time, and it is a well settled rule of law fully upheld by decisions of this Court that if there is any substantial evidence to support a verdict, the same will not be disturbed on appeal.

We will now consider the action of the court in refusing to grant a new trial on the ground of newly discovered evidence. The rule of law as to granting a new trial on the ground of newly discovered evidence was fully discussed and settled in this State in the case of Territory v. Claypool & Lueras, 11 N. M. 568; Hancock v. Beasley, 14 N. M. 239, in this case, the Court said:

"Newly discovered evidence, in order to be sufficient, must fulfill all the following requirements, to-wit: (1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) It must be such as could not have been discovered before the trial by the exercise of due diligence; (4) It must be material to the issue; (5) It must not be merely cumulative to the former evidence; (6) It must not be merely impeaching or contradicting the former evidence." We think that the rule adopted in said case fully and correctly states the law, and we see no reason to depart from the holding of the Court in that case. The affidavits filed by appellant in support of his motion for a new trial on the ground of newly discovered evidence admits that the evidence which he claims as newly discovered was within his knowledge at the time of the trial

of this case in the lower court, and the same could not therefore have been newly discovered since the trial. If the defendant had exerted such diligence as the law requires the evidence could have been produced at the hearing. For these reasons we think the lower court committed no error in refusing to grant a new trial on this ground.

Finding no error in the record, the judgment of the lower court is affirmed, and it is so ordered.