State v. Sanchez, 27 N. M. 62.

---

[No. 2461.   Feb. 15, 1921.]

## STATE v. SANCHEZ.

### SYLLABUS BY THE COURT.

1. Murder in the second degree is murder with malice, but without deliberation, and it is error to instruct that murder in the second degree is murder with malice and without deliberation and premeditation.                    P. 63

2. The words "premeditation" and "aforethought" are synonymous, and mean thought of beforehand. State v. Smith, 26 N. M. 482, 194 Pac. 869, followed.          P. 64

Appeal from District Court, Taos County; Ryan, Judge.

Cruz Sanchez was convicted of murder in the second degree, and he appeals. Reversed and remanded, with directions.

E. R. Wright and J. J. Kenney, both of Santa Fe, and E. Y. Cheetham, of Taos, for appellant.

N. D. Meyer, Assistant Attorney General, for the State.

OPINION OF THE COURT:

RAYNOLDS, J. Cruz Sanchez, was indicted for the murder of Francisco Martinez at the June, 1918, term of the district court in and for Taos county. To this indictment he pleaded not guilty, was tried, and verdict of guilty of murder in the second degree returned by the jury. Motion for new trial was made, overruled, excepted to, and an appeal granted to this court.

At the close of the state's case defendant's counsel requested the court to withdraw from the consideration of the jury the crime of murder in the first degree. This motion was granted ,and the court instructed on murder in the second degree. No evidence was offered by the defense. From certain admissions and statements testified to have been made by accused after the killing, he apparently attempted to justify the homicide on the ground of self-defense.

[1] Appellant assigns numerous errors, only one of which need be considered in this opinion as it is controlling. It is assigned as error that the court in its instruction No. 7 gave an erroneous definition of murder in the second degree as being murder with malice aforethought, but without deliberation and premeditation. The instruction complained of, as far as material for consideration in this case, is as follows:

"* * * The court charges you that, if you believe from the evidence beyond a reasonable doubt that the defendant on the 10th day of November, 1918, or at any other time within six years next prior to the 5th day of June, 1919, did shoot off and discharge a loaded pistol towards the said Francisco Martinez, thereby inflicting in and upon the body of him, the said Francisco Martinez, a mortal wound, of which said mortal wound the said Francisco Martinez then and there died, and that such shooting, wounding, and killing was done by the defendant with malice aforethought and without deliberation and premeditation and without legal excuse or justification, then you should find the defendant guilty of murder in the second degree."

This case is controlled by the case of State v. O. W. Smith, 194 Pac. 869, decided at this term of court, 26 N. M. 482, where murder in the second degree is defined. Prior to the decision of the Smith Case no definition of murder in the second degree had been attempted in the decisions of this court except the statutory definition, which, after setting out specific instances of murder in the first degree, said that "all other kinds of murder shall be deemed murder in the second degree." In the Smith Case, supra, we held that murder in the second degree was murder with malice, but without deliberation. It will thus be seen that the instruction of the court as hereinbefore set out is erroneous in stating that murder in the second degree is murder without premeditation. Murder in the second degree is murder without deliberation, but it is murder with premeditation or with malice aforethought, the word "aforethought" being synonymous with the word "premeditation," the distinguishing feature between murder in the first degree and murder in the second degree being the presence or absence of deliberation; but the element of premeditation or aforethought is present in both degrees of the crime.

[2] The instruction is also faulty because confusing. The statement is made in the instruction that "* * * such * * * killing was done with malice aforethought and without deliberation or premeditation," etc. We have held that the words "aforethought" and "premeditation" are synonymous, and the instruction in effect tells the jury that in order to constitute murder in the second degree they must find that the killing was done with premeditated malice (malice aforethought) and without deliberation and premeditation.

There are other errors assigned, but it is not necessary to consider them as the one herein decided is controlling.

The case is therefore reversed, and remanded to the district court, with directions to award a new trial; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.