[No. 2572. July 20, 1921.]

## STATE v. CARPIO.

### SYLLABUS BY THE COURT.

1. A charge that murder was done willfully, deliberately, and premeditatedly and of malice aforethought is sustained by proof that it was committed with a mind imbued with these qualities, though they were directed against a person other than the one killed. P. 270

2. In a homicide case where A. shoots at B. and the bullet strikes C. and kills him, the malice or intent follows the bullet. P. 272

3. Instructions given by the court to the jury, not objected to in the court below, will not be reviewed upon appeal. P. 272

Appeal from District Court, Grant County; Edwin Mechem, Judge.

Antonio Carpio was convicted of murder in the first degree, and he appeals. Affirmed.

David E. Grant, of Santa Fe, for appellant.

The court should have granted appellant's motion to instruct the jury to acquit him, because of variance between indictment and proof. Smith v. State, 7 Tex. App. 382; People v. Knapp, 71 Cal. 1, 11 Pac. 793 (1886); State v. Walker, 9 Houst. (Dela.) 464, 33 Atl. 227 (1887); State v. Greenleaf, 71 N. H. 606, 54 Atl. 38 (1902); State v. Johnson, 40 Conn. 136 (1873); State v. Reddington, 7 S. D. 368, 64

N. W. 170 (1895), 21 Cyc. 726 and authorities there cited; McFarland v. State, 154 Ind. 442, 56 N. E. 910 (1900) ; Wolfe v. State (Tex.) 85 S. W. 8 (1905) ; Haygood v. State, 51 Tex. Cr. App. 618, 103 S. W. 890 (1907) ; Southern Express Company v. The State (Georgia), 97 S. E. 550 (1918) ; People v. Anderson, 267 Ill. 75, 107 N. E. 840 (1915) ; Mitchell v. State, 63 Ind. 276 (1878) ; State v. Williams, 68 Ark. 241, 57 S. W. 792 (1900) ; Jacobs v. State, 46 Fla. 157, 35 So. 65 (1903) ; Hankins v. The State, 57 Tex. Cr. App. 152, 122 S. W. 21 (1909) ; State v. Crogan, 8 Ia. 523 (1859) ; Cronin v. The State, 30 Tex. App. 278, 17 S. W. 410 (1891) ; Stone v. The State, 115 Ala. 121, 22 So. 275 (1897) ; State v. McWhirter, 141 N. C. 809, 53 S. E. 734 (1906) ; State v. Ray, 92 N. C. 810 (1885).

In the case last cited, the learned court, at page 811, states:

"The probata fails to prove the allegata. The well-settled rule is that the proof, in order to convict, must, in all material respect, support and go to prove the allegation in the indictment."

Although at common law malice directed against one human being will be transferred and imputed against another killed by mistake or accident, yet that is a rule or conclusion of law, and an indictment in its allegations cannot avail itself of such a conclusion, but must state the actual facts and not conclusions of law, intendments or implications.

In Territory.v. Hubbell, 13 N. M. 579, 86 Pac. 747, (1906), at page 583, this honorable court states:

"Facts are to be stated" (in an indictment) "not conclusions of law alone."

In State v. Graham, 38 Ark. 519 (1882), at page 521, the court says:

"An indictment should set forth the special matter of the whole fact, with such certainty that the offense may judici-

ally appear to the court; and it is not enough to charge a conclusion of law."

In Rank v. The People, 80 Ill. App. 40 (1899), at page 43, the court thus expresses itself:

"* * * and it is a fundamental rule, both of civil and criminal pleading, that facts and not conclusions of law must be averred which, in the eye of the law, constitute the crime charged."

In Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542 (1892), at page 202, says the learned court:

"The general rule in reference to an indictment is that all the material facts and circumstances embraced in the definition of the offense must be."

The indictment should contain such a specification of acts and descriptive circumstances as would on its face fix and determine the identity of the offense. Territory v. Hubbell, 13 N. M. 579, 86 Pac. 747 (1906); United States v. Medina, 15 N. M. 204, 103 Pac. 976 (1909); Wingard v. The State, 13 Ga. 396 (1853); State v. Dougherty, 4 Ore. 200 (1871); United States v. Burns, 54 Fed. 351 (1893).

They should be stated with such particularity as to enable the defendant to know exactly what he has to meet. Territory v. Hubbell (supra); United States v. Medina (supra); Wingard v. State (supra); United States v. Cruikshank, 92 U. S. 542 (1875); Harne v. State, 39 Md. 552 (1873); Commonwealth v. Terry, 114 Mass. 263 (1873); State v. McGinnis, 126 Mo. 564, 29 S. W. 842 (1895), 22 Cyc. 295 and authorities there cited.

The indictment should be so drawn as to enable the defendant to avail himself of an acquittal or conviction as a bar to a further prosecution arising out of the same facts. New Mexico authorities supra; United States v. Burns (supra); State v. Shirer, 20 S. C. 392 (1883), 22 Cyc. 295 and authorities there cited.

In the light of the proof submitted on which the state sought to convict the defendant, the indictment does not fix and determine the identity of the offense. It charges a wilful, malicious, deliberate and premeditated killing of one Efren Rios, arising out of a deliberate and premeditated design unlawfully and maliciously to effect his death. The proof develops a design, if any, not to effect the death of Rios, but of another, one Lucero. The latter offense is obviously not identical with the first, and the indictment thus fails to fix and determine the identity of the offense for which the proof is offered, with the precision and particularity required by law.

Furthermore, the defendant could not, under the indictment, know exactly what he had to meeet, when the case made by the proof in the hands of the state established an offense totally different from the one charged.

He prepared and made a perfect defense to the charge against him as stated by the indictment. At the trial he was met not by the charge on which he had relied and prepared, but by another charge, totally distinct and apart from the first.

Malice and deliberation are absolutely essential elements of the crime of murder in the first degree, of which defendant was found guilty in the case at bar. Sections 1456 to 1459, New Mexico Code 1915. State v. Smith (Sup. Ct. New Mex., 1921), 194 Pac. 869.

The prejudice and injury to the defendant resulting from the error in said instruction 26, was not cured by any other instruction, nor by the charge taken as a whole. State v. Crosby (Sup. Ct. New Mex., 1920), 191 Pac. 1079.

"Where, as here, the court first correctly states the rule in general terms, and then directly states the contrary rule in language pointed specifically to the instant case, it is not appropriate to hold that the error is cured by a general view of the instructions as a whole." Howard v. Worthington (Cal. 1920), 195 Pac. 709, at page 710.

State v. Carpio, 27 N. M. 265.

Harry S. Bowman, Attorney General, for the State.

If a person, while maliciously attempting to kill another, unintentionally kills a third person, towards whom he entertains no malice, it is murder. State v. Brown, 4 Penniwell (Ill.) 120, 53 Atl. 354; Wheatley v. Commonwealth, 26 Ky. Law Rep. 436, 81 S. W. 687.

And where a defendant deliberately intended to kill one person, and, in attempting to do so, took the life of another, whom he mistook for the intended victim, he is none the less guilty of murder in the first degree. People v. Suesser, 142 Col. 354, 75 Pac. 1093.

And where deceased placed herself between defendant and a third person, or for any reason got in range, and defendant fired, intending to strike the third person, not then intending nor expecting to strike deceased, but killed deceased, defendant was guilty of murder in the first degree. People v. Trebilcox, 149 Cal. 307, 86 Pac. 684.

To like effect, see, State v. Bell, 5 Penniwell (Del.) 192, 62 A. 147; Brown v. State, 47 Ind. 28, 46 N. E. 34; State v. Williams, 122 Ia. 115, 97 N. W. 992; Tompkins v. Commonwealth, 28 Ky. Law Rep. 648, 90 S. W. 221; State v. Payton, 90 Mo. 220, 2 S. W. 394; State v. Bectra, 7 N. J. L. 322, 58 Atl. 933; State v. Cole, 132 N. C. 1069, 44 S. E. 391; Thornton v. State, (Tex.) 65 S. W. 1105; State v. Briggs, 58 W. Va. 291, 52 S. E. 218; Wharton on Hom., Sec. 359, (3d Ed.) ; Ryan v. People, 114 Pac. 306; Brooks v. People, 216 S. W. 705; State v. Clark, 47 S. W. 886; Forshee v. State, 108 Pac. 554; State v. Foster, 38 S. W. 721; People v. Patim, 101 N. E. 694.

## OPINION OF THE COURT.

ROBERTS, C. J. Appellant was tried and convicted of the crime of murder in the first degree and appeals. On August 4, 1919, appellant attended

a dance at the town of Central, Grant county, N. M. Appellant had asked a young lady, one Julia Olguin, to dance with him, and she had refused. Thereupon he told her that if she would not dance with him she could not dance with any other person. Later she was dancing with one Casamero Lucero, whereupon appellant caught hold of Lucero and told him that he could not dance with Miss Olguin. Lucero slapped or pushed appellant, and some other men pushed him outside the door and closed the door. Later Efren Rios entered the ballroom and told Lucero that Carpio, the appellant, wanted to see him outside. Lucero went out followed by Rios and approached appellant, and when he got to within 14 or 15 paces of appellant, appellant told him to stop; whereupon appellant fired at Lucero, and the bullet struck Rios and killed him. A second shot was fired at Lucero, wounding him but not fatally.

[1] The first point made upon which appellant relies for a reversal is that there was a variance between the allegation of the indictment and the proof adduced upon the part of the state, in that the indictment alleged that the defendant feloniously, willfully, deliberately, premeditatedly, of his malice aforethought, and from a deliberate and premeditated design, then and there unlawfully and maliciously to effect the death of Efren Rios, did assault and shoot the said Efren Rios, from the effects of which assault and shot said Rios died; whereas, the proof showed that the malice and deliberation were directed against Lucero and not Rios. There is no merit in this argument, however, because under the law the malice and deliberation were transferred from Lucero to Rios. In other words, the malice followed the bullet. In Wharton on Homicide (3d Ed.) § 359, the author says:

"The rule is nearly; if not quite, universal that one who kills another, mistaking him for a third person whom he in-

State v. Carpio, 27 N. M. 265.

tended to kill, is guilty or innocent of the offense charged the same as if the fatal act had killed the person intended to be killed. * * * And a charge that murder was done willfully, deliberately, and premeditatedly, and with malice afore-thought, is sustained by proof that it was committed with a mind imbued with these qualities, though they were directed against a person other than the one killed."

In the case of Brooks v. State, 141 Ark. 57, 216 S. W. 705, a very late case, having been decided December 1, 1919 (reversed on other grounds), the defendant had been indicted for the murder of a girl named Irene Crawford, although the shot was directed at one John Law. It was insisted by the appellant that the indictment was defective because it charged the defendant with killing Irene Crawford with "the willful, malicious, premeditated and deliberate intent then and there to kill and murder her, the said Irene Crawford."

The court held that there was no error in the indictment, stating:

"An indictment for homicide in a case like this must allege the assault as made on the person killed. Where the accused shoots at one man and kills another, malice will be implied as to the latter; and a felonious intent is transferred, on the same ground, as where poison is laid to destroy one person and is taken by another. Hence the felonious intent is thus transferred, and the indictment must be drawn accordingly. That is to say, it must allege that the assault was made on the party murdered, etc., in all respects just as if the party killed had been the party shot at."

In the case of State v. Clark, 147 Mo. 20, 47 S. W. 886, a question similar to that raised in the case of Brooks v. State, supra, was before the supreme court of Missouri; one count of the indictment charging that the design to kill was directed against one Lizzie Williamson, alias Lizzie Clark, while the person killed was Lizzie Hatch. The court held that count in the indictment was bad, upon the ground that the malice was transferred, and therefore that the indictment should have alleged the design to kill

to have been directed against the deceased. This court said:

" 'Where the party shoots at one man and kills another, malice will be implied as to the latter; and the felonious intent is transferred, on the same ground, where poison is laid to destroy one person and is taken by another.' * * * And where the felonious intent is thus transferred, the indictment must be drawn accordingly, to wit, it must allege that the assault was made on the party murdered, and so on, in all respects, just as if the party killed had been the party shot at. So are all the precedents in this state and elsewhere."

We know of no cases to the contrary. It follows that there is no merit in this contention.

[2]   The court gave to the jury instructions as to murder in the first and second degrees which followed the allegations of the indictment, that is to say, as to first degree; charged the jury that if appellant deliberately and with malice aforethought shot at Rios intending to kill him, he would be guilty of murder in the first degree, and if the shooting was done without deliberation, but with malice aforethought, it would be murder in the second degree. The instructions were proper, as the malice was transferred or followed the bullet. It would have been proper for the court to have explained in his instructions this principle to the jury.

The third point urged is that the indictment was defective in that it charged that the deliberation and malice aforethought were directed at Efren Rios instead of Lucero whom the appellant intended to kill. What we have said under the first proposition disposes of this point.

[3]   It is lastly urged that the court was in error in giving instruction No. 26 to the jury. This instruction in effect told the jury that if appellant shot at Lucero unlawfully, willfully and feloniously, not in the first degree. No objection was made to this and killed Rios, he would then be guilty of murder in his necessary or apparent necessary self-defense,

instruction in the court below; consequently it is not open to review here. This has been the uniform holding of this court. State v. Eaker, 17 N. M. 479, 131 Pac. 489; State v. Lucero, 17 N. M. 484, 131 Pac. 491; State v. Klasner, 19 N. M. 479, 145 Pac. 679, Ann. Cas. 1917D 824; State v. Johnson, 21 N. M. 432, 155 Pac. 721; State v. Orfanakis, 22 N. M. 107, 159 Pac. 674; State v. Starr, 24 N. M. 180, 173 Pac. 674; State v. Whitener, 25 N. M. 20, 175 Pac. 870; State v. Parks, 25 N. M. 395, 183 Pac. 433.

David E. Grant, Esq., who so ably briefed and presented the case in this court, did so at the request of this court, and had no connection with the case in the court below.

The judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.

### SYLLABUS BY THE COURT.

