184 P.2d 301

**STATE v. SMITH.**

**No. 5019.**

Supreme Court of New Mexico.

Aug. 12, 1947.

Rehearing Denied Sept. 16, 1947.

Wm. T. O'Sullivan and Wm. Y. Wilson, both of Albuquerque, for appellant.

C. C. McCulloh, Atty. Gen., Robert V. Wollard and Wm. R. Federici, Asst. Attys. Gen., for appellee.

McGHEE, Justice.

The defendant was charged with the murder of his one year old step-daughter, Darla Jeane Ducharme, and a verdict of guilty of murder in the second degree was returned by the jury.

At about 7 p. m., August 8, 1946, the defendant and the child left his home in Albuquerque in an automobile. The only clothing the child was wearing was a diaper. She was happy and no bruises were visible on her body. The defendant returned at approximately 10:40 p. m. with her dead body in his arms. There were bruises on her buttocks, back, throat, face and head. Later that night an autopsy was performed on the the body and the physician was of the opinion that death was caused by asphyxiation. The next day he opened the head and found several cerebral hemorrhages. The doctor testified that the cause of death was probably a combination of cerebral hemorrhage, a blow on the side of the head and suffocation; that it was the result of force externally applied and not from natural causes.

The contentions of the defendant: (a) that there was no proof to establish beyond a reasonable doubt any criminal agency was the proximate cause of the death; (b) that there was no substantial evidence to connect the defendant with the death as such agent; (c) that assuming such facts were sufficiently established the offense was no greater than manslaughter, and (d) that there was not sufficient evidence to support the verdict, may be disposed of together. We have carefully examined the record, including the admissions of the defendant and we find that there is substantial evidence to warrant the submission of murder to the jury and to support the verdict.

The defendant has made several assignments of error based on the instructions given and the failure of the court to instruct on certain points. We quote the record made on the instructions:

"The Court: Have you any objections or exceptions to the instructions to the jury?

"Mr. O'Sullivan: I except to No. 6 so far as it uses the term 'suffocation'.

"Having noted an exception to Instruction No. 6 insofar as the same includes the word 'suffocation' as the cause of death, I

respectfully except also to the court's instructions as to 'flight' on the part of the defendant.

"The Court: Expand your exception to wherever the word 'suffocation' is used.

"Mr. O'Sullivan: I so expand it.

"And I respectfully except to the charge relating to murder in the first degree and murder in the second degree, and also to the submission of the issues to the jury on the basis either of murder in the first degree and murder in the second degree.

"I further except to the use of the word 'abiding' along in the phrase 'abiding conviction' as contained in the instruction concerning 'reasonable doubt' without a further definition of the meaning of the word 'abiding'.

"The Court: Anything more?

"Mr. O'Sullivan: I will submit defendant's requested instruction No. 1. (This instruction refers to the failure of the state to use certain witnesses who were in attendance on the court).

"The Court: It will be denied."

■ On account of his failure to comply with rule 70-108 and point out the errors or to tender a proper instruction the defendant is now precluded from claiming that the court erred in the instructions given. State v. Blevins, 39 N.M. 532, 51 P. 2d 599; Laws v. Pyeatt, 40 N.M. 7, 52 P. 2d 127; State v. Richardson, 48 N.M. 544, 154 P.2d 224.

The defendant makes his strongest attack on instruction No. 21, which reads: "If you believe from the evidence beyond a reasonable doubt that the defendant on the 8th day of August, 1946, or at any other time within ten years next prior to the 30th day of August, 1946, the date of the filing of this information, at the County of Bernalillo, in the State of New Mexico, did strangle, suffocate and/or inflict blows on the body of the said Darla Jean Ducharme, thereby inflicting in and upon the body of the said Darla Jean Ducharme mortal wounds, of which said mortal wounds the said Darla Jean Ducharme died, and that such wounding and killing was done by the defendant of his malice aforethought, and without premeditation and deliberation, then you are instructed that such killing would constitute murder in the second degree."

■ This instruction without the phrase "and/or" was held erroneous in State v. Sanchez, 27 N.M. 62, 196 P. 175, for stating that premeditation was not an essential element of murder in the second degree. The statement was made in the argument that a check of the files in murder cases in Bernalillo county showed that the district judges had there overlooked the decision of this court in State v. Sanchez, supra, and that except for the "and/or" phrase and minor changes to fit the facts, the in-

struction above quoted had been given in every murder case tried in that county since early in 1921 in which murder in the second degree has been submitted to the jury, and strange to say the attorneys for the defendants have also overlooked our decision in the Sanchez case. As it is possible the same condition prevails in some other district, we have copied the instruction and called attention to the error therein contained.

It also contains the highly objectionable phrase "and/or" which has no place in pleadings, findings of fact, conclusions of law, judgments or decrees, and least of all in instructions to a jury. Instructions are intended to assist jurors in applying the law to the facts, and trial judges should put them in as simple language as possible, and not confuse them with this linguistic abomination. As stated above, the defendant waived the error by failing to object to the instruction before it was given.

The defendant assigns error on account of a failure of the court to instruct on the questions of motive for the crime, the effect of exculpatory matter in the statements of the defendant admitted in evidence and his theory of the case. A sufficient answer to this assignment is that he did not request or tender any instructions on these points. It must be deemed that he acquiesced in the failure of the court to instruct thereon and he cannot be heard to complain in this court for the first time on appeal. State v. Garcia, 46 N.M. 302, 128 P.2d 459.

Error is assigned on account of the claimed insufficiency of the supplemental bill of particulars. Instead of moving for an additional bill the defendant contented himself with the taking of an exception to the one furnished. We cannot now hear this complaint on this point. State v. Roy, 40 N.M. 397, 415; 60 P.2d 646, 110 A.L.R. 1.

The defendant saved an exception to the refusal of the court to give the following instruction: "The court instructs the jury that it is the function of a trial at law to get at the truth of a case and that it is the duty of the parties to exhaust reasonably within their power, as the jury sees the power is within their reach, the avenues of testimony leading to a determination of the truth. In determining where the facts of this case lie, it is proper for you to look to the manner in which the case is presented to you to determine whether or not the parties to this case, or either of them, have reasonably exercised the opportunities open to them to enlighten you as to what the facts are, and if you find in the exercise of reasonable diligence, that there were reasonably at hand, within the command of either party to this case, witnesses who might give you valuable testimony upon any material fact, who were not put upon the stand, you

are entitled to draw such inferences as reasonable men would draw under such circumstances from the failure to employ such opportunity."

■ The defendant urges that the failure to give this instruction was error, as the state failed to call Pat Dugan, the Chief of Police of Albuquerque, M. Ralph Brown, the District Attorney, and Harry D. Robins, the Assistant District Attorney. The witnesses were equally available to the defendant, and it was not error to refuse to so instruct. Husch v. State, 211 Ala. 274, 100 So. 321.

The defendant realizes the inadequacy of the record of which he now complains and seeks to escape the consequences thereof by asking us to exercise our inherent right to invoke the doctrine of fundamental error.

■ We have carefully examined the record and are satisfied that substantial justice has been done in this case. It is not, in our opinion, a proper case for the application of the doctrine. See State v. Garcia, 46 N.M. 302, 128 P.2d 459, and State v. L. O. Smith, 51 N.M. 184, 181 P.2d 800.

The other errors assigned are likewise without merit.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.