223 P.2d 943

### STATE v. WALKER.
### No. 5297.

Supreme Court of New Mexico.

Oct. 26, 1950.

Rehearing Denied Nov. 17, 1950.

James L. Dow, Carlsbad, Neal & Girand, Hobbs, for appellant.

Joe L. Martinez, Atty. Gen., Peter N. Chumbris, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

Aaron (T-Bone) Walker was convicted of fraudulently and knowingly transporting marijuana (cannabis indica) into the State of New Mexico, and sentenced to serve a term in the penitentiary. From this judgment and sentence he has appealed to this court. The parties will be referred to as they appeared in the lower court.

Many of the assignments of error pertain to instructions given and refused by the court, consequently we will take them up in an irregular manner.

The fifth assignment, and the seventh, eighth and ninth assignments as well, predicate error upon the giving by the court of certain unnumbered instructions. But we need not consider whether or not these instructions are correct for the record before us fails to show that these instructions were objected to, and indeed it does not appear that exceptions were interposed to any instructions given by the court. We have often held that the correctness of instructions given by the trial court will not be reviewed by this court unless exceptions are saved and an opportunity given the trial court to correct the error. State v. Smith, 51 N.M. 328, 184 P.2d 301; State v. Garcia, 46 N.M. 302, 128 P.2d 459; State v. Carpio, 27 N.M. 265, 199 P. 1012, 18 A.L.R. 914; State v. Padilla, 18 N.M. 573, 139 P. 143.

Under assignment of error No. 1, it is urged that the court erred in refusing to give a requested instruction concerning circumstantial evidence. We had this question before us in State v. McKnight, 21 N.M. 14, 153 P. 76, wherein we said: "Where the only incriminating evidence before the jury is circumstantial, it is the duty of the court to instruct upon the rules of law regulating circumstantial evidence. But if there is any direct evidence tending to show the prisoner's guilt, or if a confession made by him has been proved, such an instruction is unnecessary."

While there was some circumstantial evidence in the case at bar, yet it did not rest upon this evidence, and for that reason it was not error to refuse it.

Requested instructions Nos. 3 and 4 are made the bases of assignments of error Nos. 10 and 11. These instructions have reference to accomplices. The court did not commit error in refusing to give them, since no evidence whatever was offered to show that the witnesses Henry and Winston had any guilty knowledge. On the contrary both testified that they did not know what was in the package at the time they carried out the instructions given them by the defendant. Furthermore, the de-

fendant denied ever participating in any manner with the giving or placing of the package of marijuana in the amplifier.

██ Under assignment of error No. 2, it is urged that the court erred in restricting the defendant's counsel in the cross-examination of John Henry, a state's witness. However, the record discloses that the defendant called this witness as his own and proceeded to question him at length regarding a pouch of marijuana found in his over-night bag. During the course of such examination the court made the following observation. "Just a minute. You have asked him that previously. You may not understand, but you made this man your own witness insofar as this pouch is concerned and it was not brought out on direct examination. When you make him your own witness and you ask him about a specific act of wrong-doing such as you have asked him about the possession of this pouch which contained marijuana, you are then bound by his answer and you cannot inquire into it further. Now, that is the ruling of the court, so don't go into possession of that or his nonpossession of that any further.

"Mr. Dow: That is all your Honor.

"The Court: Any cross-examination?

"Mr. Reese: No questions."

Since the defendant did not invoke a ruling or decision by the court, he cannot now for the first time raise the question on this appeal. Supreme Court Rule No. 20 (2), 1941 Comp. § 19-201.

Under assignment of error No. 3, it is urged that the court erred in permitting the witness John Henry to testify to so-called hearsay evidence. The testimony objected to shows that this witness did only what he was requested to do by the defendant himself. He delivered the package of marijuana to William Winston with instructions from the defendant to have him place it in the amplifier. However, the court sustained an objection interposed by the defendant as to this testimony and ordered it stricken from the record.

It is to be observed that on cross-examination of this witness the testimony objected to was elicited by the defendant himself.

"Mr. Dow:

"Q. And after you got there, you say that T-Bone Walker handed you this package, is that correct? A. Correct.

"Q. What did you do with it after you got the package? A. I walked out of the room and down to the foot of the stairs where I met Winston and I gave it to him and told him that T-Bone said put it in his amplifier case."

"Mr. Dow: Your Honor, we wish to strike that evidence there as hearsay as to what * * *

"The Court: Overruled.

"Mr. Dow: Exception."

Evidence of facts with which the witness is not acquainted of his own knowledge, but which he merely states from the relation of others is inadmissible. In the instant case, William Winston, the person to whom the package of marijuana was delivered by Henry testified: "That morning about 9, I met Mr. Walker outside the hotel. He asked me if I had put his package away and I told him 'yes.' He said 'where?' and I said: 'I put it in the amplifier,' and that is all that was said."

Further, the record shows that C. D. Stout, a deputy sheriff, testified that he found the package of marijuana in the amplifier, which fact, at least, has tendency to corroborate the testimony of the witnesses Henry and Winston, that the defendant gave the package to Henry with instructions to give it to Winston to be placed in the amplifier by him.

We are fully satisfied, therefore, that the testimony referred to cannot be regarded as mere hearsay evidence, technically so called, but on the contrary, it constitutes facts in themselves as forming a part of the transaction under investigation and as such it was correctly placed before the jury. The act or transaction in controversy in this case was the "fraudulently and knowingly importing marijuana (cannabis indica) into the State of New Mexico." The statement of the defendant at the time he talked to Henry and the latter's accompanying act, are therefore a part of the thing done. The defendant had made the witness his agent to deliver the package of marijuana to Winston and instruct the latter where to place it. Therefore the testimony of this witness detailing the manner in which he carried out the instructions of his principal was admissible.

A similar situation arose in Commonwealth v. Fahey, 113 Pa.Super. 598, 173 A. 854, 859, where the court said: "If one in attempting corruptly to influence a juror makes use of an agent to extend the promises or other means of influencing the juror, the acts of the agent done in attempted fulfillment of his instructions, and his conversations with the jurors pursuant thereto, are admissible in evidence against the principal. If an agent is employed or used to deliver a verbal message or make oral promises to a juror, his conversations pursuant to such employment constitute the act he was engaged to perform, and evidence may be given of it, as of any other act done by the agent on behalf of the principal, and is not excluded under the hearsay rule. See 3 Wigmore on Evidence (2d Ed.) § 1767, p. 775; § 1768(2), p. 776; § 1769, p. 777."

Assignment of error No. 4 is without merit and we will not consider it.

Under assignment of error No. 6, it is contended that the evidence is not suf-

ficient to sustain the verdict. It is true that the defendant contradicted the testimony introduced by the prosecution. Apparently, however, such testimony was disbelieved by the jury, and under the well established rule where there is any substantial evidence tending to sustain the verdict, the jury's determination of such conflict is conclusive and cannot be disturbed by us.

Finding no reversible error, the judgment is affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.

On Motion for Rehearing.

 The defendant complains in motion for rehearing that we did not pass upon his assignment of error wherein he urges that the lower court erred in giving the jury an oral instruction to which he was afforded no opportunity to object. We have examined the record and it discloses that no objection was made to the action of the court in giving the oral instruction to the jury. It was incumbent upon him to object to the oral instruction at the time it was delivered to the jury. Had he done so, doubtless the court would have reduced it to writing, thereby giving defendant an opportunity to object formally to any error contained in it. He could not remain silent and gamble on the verdict below, then raise the question in this court for the first time. State v. Johnson, 21 N.M. 432, 155 P. 721.

The motion will be denied, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.