482 P.2d 74

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard Glenn BUHR, Defendant-Appellant.**

**No. 507.**

Court of Appeals of New Mexico.

Feb. 19, 1971.

William W. Head, Jr., Denny, Glascock & McKim, Gallup, for defendant-appellant.

James A. Maloney, Atty. Gen., Ray Shollenbarger, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of second degree murder, defendant appeals raising two points for reversal. Defendant's first point is dispositive of the appeal because the instruction defining second degree murder is erroneous.

We reverse.

The questioned instruction states:

"* * * the unlawful killing of a human being done with malice aforethought but without deliberation and premeditation, that is, without the willful, deliberate and premeditated intent to take life which is an essential element of first degree murder. In practical application, this means that the unlawful killing of a human being with malice aforethought but without a deliberately formed and premeditated intent to kill is murder of the second degree when the killing results from an unlawful act the

natural consequences of which are dangerous to life, which act is deliberately performed by a person who knows that his conduct endangers the life of another."

The first part of the instruction informed the jury that a person may be guilty of murder in the second degree without premeditation. This has been consistently held erroneous since the case of State v. Smith, 26 N.M. 482, 194 P. 869 (1921). See State v. Smith, 51 N.M. 328, 184 P.2d 301 (1947); State v. Sanchez, 27 N.M. 62, 196 P. 175 (1921).

The second part of the instruction discusses the "practical application" of the definition. The State contends that this case does not fall "* * * within the ruling of State v. Sanchez, [supra] in that all premeditated malice was not excluded from the definition of murder. Rather what the court excluded from its definition of murder in this case was the premeditated intent to kill. * * *" The above cases however, show that premeditation means "thought before hand." The "practical application" part of the instruction removed premeditation from the definition and is therefore erroneous. State v. Smith, supra, State v. Sanchez, supra.

Although erroneous, defendant did not object to the instruction. However, the instruction requested by defendant was also erroneous in that it also removed premeditation from the definition. In this situation, ordinarily defendant is in no position to complain of the error. Defendant, however, contends, and the State concedes, that the error is jurisdictional and thus may be raised for the first time on appeal.

■ We agree that jurisdictional error may be raised for the first time on appeal. State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969). We do not necessarily agree, however, that the instruction in this case presents a jurisdictional question. In State v. Walsh, supra, the instruction omitted an essential element of the crime charged and this omission was jurisdictional. Here, the instruction includes premeditation when it requires second degree mur-

der to have been committed with malice aforethought, State v. Sanchez, supra, but after stating this requirement, it then tells the jury that premeditation is not required. What we have here is a confusing instruction which first includes, then excludes, premeditation. We do not have a total omission of an essential element of the crime; rather, we have uncertainty as to those elements. Whether this uncertainty is a jurisdictional defect, we do not decide.

■ The issue as to the erroneous instruction may be raised in this court for the first time because fundamental error, or due process, requires that there be certainty applied to the definition of the crime. In so holding, we are aware that in State v. Smith, 51 N.M. 328, 184 P.2d 301, supra, our Supreme Court said they would not invoke the doctrine of fundamental error in affirming a conviction of second degree murder when premeditation had been excluded from the definition of the crime. The reasoning was that "substantial justice" had been done. We fail to see how there is substantial justice in affirming a conviction when we have no way of knowing, because of an erroneous instruction, whether the conviction was or was not on the basis the killing was premeditated. This uncertainty is fundamental error. State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914), in the opinion upon rehearing, laid down the rule of fundamental error in New Mexico when it stated:

"There exists in every court, however, an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or the rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done."

The conviction and sentence is reversed. Defendant is to be awarded a new trial.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.